## HAWKE v. FLETCHER et al.

1. FALSE STATEMENTS—SALE OF CHATTEL MORTGAGE—COMPLAINT IN AC-
TION FOR—INSUFFICIENT.

Defendant sold plaintiff promissory notes for $300, and the chattel
mortgage securing the same, falsely representing the mortgage to be a
first mortgage. The complaint in the action for damages fails to de-
scribe the mortgage or the value of the property therein; *held*, insuffic-
ient to sustain a judgment for plaintiff.

Filed February 16, 1885.

Appeal from the district court of Cass county.

All facts necessary to be stated appear in the opinion.

*Spaulding & Templeton*, for appellants.

The overruling by the court below of the defendant's ob-
jection to the introduction of any evidence, under said com-
plaint, was error.

1st. The complaint avers no fraudulent intent, on the part
of defendants, in making the alleged false representations.
The intent in this class of cases. is the very gist of the action,
and should have been alleged as well as proved. Moss v. Rid-
dle, 2nd Curtis, U. S; Supreme Court Reports 290; Barthole-
mew v. Bentley, 15 Ohio, 669, 670; Larkin v. Tibbitts, 1 Wis.
438, 439; Wells v. Jewett, 11 How. (N. Y.) Pr. 242; 2 Waits
Practice, 396.

2nd. The allegation, that the mortgages securing the
notes in suit, "were in fact second and third mortgages and
worthless as security" is a mere conclusion.

Said mortgages may have been executed subsequent to
others, and still be prior liens upon the property therein de-
scribed. Civil Code Sections 1744 and 1748.

Section 1744 provides: "A mortgage of personal property
is void as against creditors of the mortgagor, and subsequent
purchasers and incumbrances of the property in good faith for
value, unless the original or an authenticated copy thereof, be
filed by depositing the same in the office of the register of deeds
of the county where the property mortgaged or any part there-
of is at such time situated."

It is a well settled rule of pleading that the complaint must

state every fact necesary to be proved or which the defendants have a right to controvert.    Griggs v. City of St. Paul, 9 Minn. 246; 2 Waits Practice, 309.

The second allegation of the complaint is as follows: "That said notes were secured by chattel mortgages upon the property of said Charles A. Bailey."

It is not alleged that the defendants represented that said notes were secured on the property of Charles A. Bailey.

The allegation "that defendants represented said mortgages to be first mortgages, but that they were in fact second and third mortgages and worthless as security," is, at best, argumentative pleading.    The rule is elementary, that facts must be alleged directly, not by way of recital, argument, inference, or reasoning.

The omission of plaintiff to specify in his complaint the dates, names of the mortgagors, mortgagees, property, place of filing, etc., of the chattel mortgages upon which he relied to sustain his action, rendered it absolutely impossible for defendants to prepare for trial or make a proper defense; these facts were fully within the knowledge of plaintiff, and failure to state them was not only inexcusable but fatal.    It is one of the principal offices of the complaint to appraise the defendant of what is to be proved against him.    The complaint is clearly bad.    Nation v. Cameron, 2 Dak. 360, 364; Ackendon v. Barnes, 43 Iowa, 619; Riley v. Riley, 34 Wis. 372.

The plaintiff bases his action upon false representations; if the representations were not material they would constitute no cause of action.    The fraudulent intent is the very gist of the action.    Humphrey v. Merriam, 20 N. W. Rep. 138; Marsh v. Falkner, 40 N. Y. 562; Chester v. Comstock, 40 N. Y. 575; Pasley v. Freeman, 2 Smith Lead. Cas. (7th Am. Ed.) 92; Kerr Fraud F M., 55.

*Miller & Green*, for respondents.

It is not necessary to directly allege intent to defraud.    It is sufficient if the statement of facts and circumstances contain such allegations.    2 Waits' Practice, 397; see, also, Kerr on Fraud and Mistake, 366.

If the representation be false it is immaterial that it be made without any fraudulent intent. Kerr on Fraud and Mistake, 324.

Nor is it necessary to constitute fraud that a man who makes a false representation should know it to be false. Id. 54.

If he make the representation as of his own knowledge, not knowing whether it is true or false, he is guilty of fraud as much as if he knew it to be untrue. Id. 54; Hazard v. Irwin, 18 Pick. 96; Stone v. Denny, 4 Metc. 151; Civil Code, Secs. 883, 884; 2 Estes Pleading, 251.

Fraud vitiates every contract, and may consist either in misrepresentation or in concealment. Every misrepresentation that is an inducement to a sale, is a fraud that vitiates the sale. 3 Waits' Actions and Def. 429; Kerr on Fraud and Mistake, 53; Donelson v. Clements, Meggs, 155; Casey v. Allen, 1 A. K. Marsh, 465, Kerr on Fraud and Mistake, 54 and numerous cases there cited; Belden v. Henriques, 8 Cal. 87.

Should the representations prove untrue the party making it is not excused by averring that he believed them to be true. It is fraud nevertheless. 3 Waits' Actions and Def. P. 438; Miner v. Neebury, 6 Wis. 295; Bird v. Klein, 41 Wis. 134; 3 Cranch, 270; 99 Mars. 463; 1 Story's Eq. Jur., 193.

The same rule holds if he has no good grounds to believe the statement true. 2 Pomeray's Eq. Jur., Sec. 884, and cases cited; Kerr on Fraud and Mistake, 54, and cases cited.

A false statement by the vendor that he has examined the title and found it good, will avoid the sale if relied on by the vendee. 3 Waits' Actions and Defenses, 440; Babcock v. Case, 61 Penn. St. 427.

If a previous incumbrance is concealed the fact that it is of record is immaterial. Kerr on Fraud and Mistake, p. 103, note; Napier v. Elam, 6 Yerg. 108; Young v. Hopkins, 6 Mon. 23; Campbell v. Whittingham, 5 J. J. Marsh, 96; Steele v. Kinkle, 5 Ala. 352; Kennedy v. Johnson, 2 Bibb. 12.

EDGERTON, C. J. The plaintiff in the court below brought an action at law to recover damages, alleging that he purchased for a consideration of $300, of the defendants, certain promis-

sory notes made by one Charles A. Bailey, which were secured by a chattel mortgage on the property of the said Bailey; that the plaintiff was induced to purchase the said notes by the representations of the defendants that the mortgage was a first mortgage and that plaintiff relied solely on such representations, when in fact the mortgage was not a first mortgage and was worthless, which defendant knew; that Bailey, the maker of the notes, was and is bankrupt, and has absconded; that plaintiff has suffered damage in the sum of $300. One of the defendants interposes a general denial; the other defendant admits the sale of the notes to plaintiff and the receipt of $300, and denies every other allegation in the complaint. The case was tried by a jury, who returned a verdict in favor of the plaintiff, upon which judgment was entered, and the case is removed to this case upon certain exceptions taken by the defendant, among them that the complaint does not state facts sufficient to constitute a cause of action.

The plaintiff's claim is based upon the allegations in the complaint that the mortgage securing the notes was represented by the defendants and so relied upon by the plaintiff as a first mortgage, when in truth and fact it was not a first mortgage and was worthless. The complaint gives no description of the mortgage nor of the property mortgaged, nor of its value; but the action is to recover damages sustained on account of the property having been previously mortgaged, and that, consequently, the security was worthless. If this action had been brought to recover damages for false representations as to the solvency of the maker of the notes, or if it was a suit in equity to rescind the contract on account of alleged fraudulent representations, a different rule might obtain.

In an action like this the complaint should more fully describe the mortgage, in what it is worthless, and especially the value of the security. If the security was of no value, and the plaintiff knew it, what is the measure of his damage in an action at law?

The judgment must be reversed. All the justices concur.