## MRS. J. E. F. BROWN v. F. E. BALL.

(150 N. W. 890.)

**Civil action — arrest of defendant insufficient cause — must appear by affidavit — remedy.**

1. Before an order for the arrest of a defendant in a civil action may be properly issued, the plaintiff must make it appear by affidavit that a sufficient cause of action exists, and that the case is one authorizing a resort to the provisional remedy of arrest and bail.

**Remedy of arrest and bail — harsh — statute — strict compliance with.**

2. The provisional remedy of arrest and bail is extremely harsh, and a plaintiff wishing to avail himself of such remedy will be held to a strict compliance with the statute governing such remedy.

**Complaint in — affidavit for order — detriment and loss — facts must appear — order vacating.**

3. Construing the complaint, which was incorporated into and made a part of the affidavit on which the order of arrest was based, and which complaint the plaintiff elected to treat as stating a cause of action to recover damages for fraud and deceit, it is held that it fails to allege any facts showing that plaintiff has suffered any detriment resulting therefrom. It is accordingly held that the trial judge properly vacated the order of arrest.

Opinion filed January 6, 1915.

Appeal from District Court, Cass County; *Charles A. Pollock*, J.

From an order vacating an order of arrest issued in a civil action, plaintiff appeals.

Affirmed.

*Taylor Crum*, for appellant.

The affidavits upon which an order is made should be filed promptly

with the clerk after having been submitted to the judge. The writ issues upon the judge's order, which is based upon such affidavit. Wert v. Strouse, 38 N. J. L. 184.

Where the complaint states facts sufficient, it is competent to make it a part of the affidavit for the order of arrest. Ligare v. California Southern R. Co. 76 Cal. 610, 18 Pac. 777; Ex parte Howitz, 2 Cal. App. 752, 84 Pac. 229.

A new cause for arrest cannot be set up as a defense against a motion to vacate the order, where the same was not originally set forth. Cady v. Edmonds, 12 How. Pr. 197.

Such is the mere exception to the rule, but it does not apply in this case. Scott v. Williams, 23 How. Pr. 393.

Where one injured sues for the tort, his election to bring such suit affirms the contract set forth, as a continuing obligation. Sonnesyn v. Akin, 14 N. D. 257, 104 N. W. 1026; Thompson v. Thompson, 10 N. D. 567, 88 N. W. 565.

Where the cause of action and the ground for arrest are identical, the whole matter should go to the jury, unless, upon motion to vacate the order of arrest, the proof strongly preponderates in favor of the defendant. Frost v. M'Carger, 14 How. Pr. 131.

Even if the action sounded in tort, the contract was not eliminated from the case. Sonnesyn v. Akin, 14 N. D. 257.

Whether the action is merely for deceit, or is brought to set aside the contract and recover back the money loaned under it, the plaintiff was entitled to the order of arrest and the defendant can only be relieved by establishing his defense upon the trial. Nelson v. Blanchfield, 54 Barb. 630.

The truth or falsity in an action of tort, should never be decided upon a motion. Barret v. Gracie, 34 Barb. 20; Union Bank v. Mott, 6 Abb. Pr. 318; Stelle v. Palmer, 7 Abb. Pr. 181.

It is not a ground for vacating the order, that the case made by the complaint varied from that made by the affidavits, if the affidavits are in themselves sufficient, and disclose a ground of arrest consistent with the allegations of the complaint. McBride v. Langan, 18 N. Y. Civ. Proc. Rep. 201, 10 N. Y. Supp. 552, 554; Humphrey v. Hayes, 94 N. Y. 594.

In such a case it is not necessary for plaintiff to show defendant's

insolvency. Defendant does not deny that he transferred his property to his wife; he merely denies wrong intent. This presented no issue upon the motion. Nothing could condone defendant's fraud except plaintiff's acceptance of payment of the claim. McClure v. Levy, 22 N. Y. Supp. 1006; Nelson v. Blanchfield, 54 Barb. 630.

*Watson & Young,* and *E. T. Conmy,* for respondent.

The statute authorizing arrest in civil actions is a harsh one; it is penal in its nature, and those who invoke its aid must bring themselves strictly within its terms. The facts upon which the order is asked must appear to the court; that is, must be sufficient and must bring the applicant clearly within the statute. Kaeppler v. Red River Valley Nat. Bank, 8 N. D. 411, 79 N. W. 869; Thompson v. Thompson, 10 N. D. 568, 88 N. W. 565; Clarke v. Lourie, 82 N. Y. 580; Liddell v. Paton, 67 N. Y. 393; Wright v. Brown, 67 N. Y. 1; Towle v. Richardson, 63 Vt. 96, 20 Atl. 925; Spice v. Steinruck, 14 Ohio St. 213.

If the affidavit is based in any degree upon information and belief, the grounds therefor must be set forth fully in order to make it appear, and to enable the court to determine whether or not such belief is well founded and reasonable. Moore v. Calvert, 9 How. Pr. 474; Dreyfus v. Otis, 54 How. Pr. 405; Mechanics' & Traders' Bank v. Loucheim, 55 Hun, 396, 8 N. Y. Supp. 520; Whitlock v. Roth, 5 How. Pr. 143; Crandall v. Bryan, 15 How. Pr. 48; City Bank v. Lumley, 28 How. Pr. 397; Pierson v. Freeman, 77 N. Y. 589; People ex rel. Hackett v. Wayne Circuit Judge, 36 Mich. 334; Kaeppler v. Red River Valley Nat. Bank, 8 N. D. 412, 79 N. W. 869.

Plaintiff's showing of facts is not sufficient; it is not reasonable; it is not well founded; it cannot sustain the order. Martin v. Gross, 24 Jones & S. 512, 4 N. Y. Supp. 337; Markey v. Diamond, 46 N. Y. S. R. 283, 19 N. Y. Supp. 181, 1 Misc. 97, 20 N. Y. Supp. 847.

Where the complaint is made a part of the affidavit for the order of arrest, and such affidavit refers to such complaint as "stating a good and sufficient cause, as fully appears from the verified complaint," such affidavit is insufficient, because it merely states the opinion of affiant, and not a statement under oath of the truth of the matters set forth in the complaint. Peterson v. Nesbitt, 11 Cal. App. 370, 105 Pac. 135.

An affidavit failing in any essential particular to meet the requirements of the law is insufficient to give the court jurisdiction. Ex parte

29 N. D.—15.

Yonetaro Fkumoto, 120 Cal. 316, 52 Pac. 726; Neves v. Costa, 5 Cal. App. 111, 89 Pac. 860; Hall v. Justice's Ct. 5 Cal. App. 133, 89 Pac. 870.

Such affidavits must be filed with the clerk of court at the time and in the manner provided by statute. Rev. Codes 1905, § 6892; Phillips v. Wood, 31 Vt. 322; Parkhurst v. Pearsons, 30 Vt. 705; Wert v. Strouse, 38 N. J. L. 184.

Such affidavit must be in custody of the law; it must be such that perjury can be predicated upon it if false. Parker v. Ogden, 2 N. J. L. 146.

Where the contract of guaranty contains any condition precedent to the guarantor's liability, the performance of this condition must be alleged in the complaint against the guarantor. Mickle v. Sanchez, 1 Cal. 200; 20 Cyc. 1487; Rev. Codes 1905, § 6890, ¶ 4, § 6892.

The affidavit must make it appear that a good cause of action exists, or it must fail. Pindar v. Black, 4 How. Pr. 95; Muller v. Perrin, 14 Abb. Pr. 95; 3 Cyc. 934, 944; Hart v. Grant, 8 S. D. 248, 66 N. W. 323; Reinboth v. Ederheimer, 134 N. Y. Supp. 16; Vock v. Auterbourn, 66 Misc. 222, 122 N. Y. Supp. 1024; Parker v. Ogden, 2 N. J. L. 146; Schwenk v. Naylor, 17 Jones & S. 98; Sheridan v. Briggs, 53 Mich. 569, 19 N. W. 189.

On motion to vacate an order of arrest, the question is as to the existence of grounds of arrest, and not as to what plaintiff believes. 3 Cyc. 971; Sonnesyn v. Akin, 14 N. D. 256, 104 N. W. 1026; 3 Elliott, Ev. § 2137, p. 636; Nelson v. Grondahl, 12 N. D. 133, 96 N. W. 299; Hoy v. Duncan, 1 Jones & S. 555.

If the facts set forth are not sufficient to call into exercise the jurisdiction of the court, then, even though the order has issued, the sufficiency of the affidavit may be questioned, for it was never judicially passed upon. Wachsmuth v. Merchants' Nat. Bank, 96 Mich. 426, 21 L.R.A. 278, 56 N. W. 9; Fischer v. Langbein, 103 N. Y. 84, 8 N. E. 251; Bonesteel v. Bonesteel, 28 Wis. 245; Marble v. Curran, 63 Mich. 283, 29 N. W. 725; Mudrock v. Killips, 65 Wis. 622, 28 N. W. 66; Bryan v. Congdon, 29 C. C. A. 670, 57 U. S. App. 505, 86 Fed. 221; Whitlock v. Roth, 5 How. Pr. 143; Lay v. Superior Ct. 11 Cal. App. 558, 105 Pac. 775; 3 Cyc. 934.

On motion to vacate order of arrest, the affidavit cannot be amend-

Jones v. Platt, 60 How. Pr. 73; Adams v. Mills, 3 How. Pr. 219; Howe Mach. Co. v. Lincoln, 24 Kan. 123; 3 Cyc. 949–950.

It clearly appears from all the records in the case that defendant has not been guilty of any fraud, and the action must fall. Sniffen v. Parker, 8 N. Y. Civ. Proc. Rep. 393; Frost v. M'Carger, 14 How. Pr. 131; McClure v. Levy, 68 Hun, 525, 22 N. Y. Supp. 1006; Hoy v. Duncan, 1 Jones & S. 555; Lorillard F. Ins. Co. v. Meshural, 7 Robt. 308; Tallman v. Whitney, 5 Daly, 505; Royal Ins. Co. v. Noble, 5 Abb. Pr. N. S. 54; Levins v. Noble, 15 Abb. Pr. 475; Griswold v. Sweet, 49 How. Pr. 171; Stuyvesant v. Bowran, 3 Abb. Pr. N. S. 270, 34 How. Pr. 51; Blakelee v. Buchanan, 44 How. Pr. 97; Claflin v. Frank, 8 Abb. Pr. 412; Merritt v. Heckscher, 50 Barb. 451; Thompson v. Thompson, 10 N. D. 564, 88 N. W. 565; Caldbeck v. Simanton, 82 Vt. 69, 20 L.R.A. (N.S.) 844, 71 Atl. 881.

A party cannot sustain an action of this character where no harm has come to him; deceit and injury must concur. Fuller v. Hodgdon, 25 Me. 243; Alden v. Wright, 47 Minn. 225, 49 N. W. 767; Sonnesyn v. Aikin, 14 N. D. 256, 104 N. W. 1028; McKernan v. McDonald, 27 N. J. L. 541; Griswold v. Sweet, 49 How. Pr. 171.

Where the evidence is capable of an interpretation which makes it as equally consistent with defendant's innocence as with his guilt, that meaning must be placed upon it which accords with his innocence. 20 Cyc. 121, 123; Nelson County v. Northcote, 6 Dak. 378, 6 L.R.A. 230, 43 N. W. 897; Anderson v. Hunt, 55 How. Pr. 336.


Fisk, J. This is an action to recover damages for fraud and deceit. At the time of the commencement of such action plaintiff applied for and obtained an order of arrest under our arrest and bail statute, pursuant to which order the defendant was arrested and held to bail in the sum of $1,500. He immediately furnished such bail, and thereafter moved the district court to vacate the order of arrest, which motion was granted after due hearing and consideration, and the order vacated. Plaintiff appeals from such order, serving with his notice of appeal the following statement of errors of law and insufficiency of the evidence, to wit:

"1st. The affidavits submitted by and on behalf of the plaintiff were

sufficient in law and fact to sustain the order of arrest which was vacated by the court.

"2d. That no evidence was submitted by the defendant which was sufficient in law or fact to justify the court in vacating the order of arrest and exonerating the bail of the defendant.

"3d. That the evidence is insufficient for the reason that it does not in any manner positively dispute the allegations of the plaintiff, that the defendant was without authority, and knew he was without authority, to sign the name of the Columbia Land Company to the contract, 'exhibit B;' and was hearsay, and not the best evidence as to whether defendant was in fact the vice president of said Columbia Land Company.

"4th. That the basis of the order of arrest and the plaintiff's cause of action being identical, it was the province of the jury to determine the facts in controversy, which were raised by defendant's and plaintiff's affidavits on the hearing of the motion; and that in any event the evidence is of such a character that the vacating order should be set aside as a matter of discretion, in order that the whole case may be investigated by the taking of depositions as to matters it was impossible to prove by affidavits."

The learned trial court, in making the order complained of, filed an elaborate memorandum decision or opinion, which has been brought to our attention by counsel. Such memorandum decision has served to materially lighten the burdens of this court in clearly pointing out the various contentions of counsel in the court below, and the holding of that court on each of such contentions. This practice is an admirable one, and we commend it to the other trial judges of the state, for it is of incalculable benefit to have such information.

We deem it unnecessary to pass upon the numerous practice questions raised and decided in the court below and argued in this court in the briefs of counsel, for, as we view the case, the order appealed from was correct, and must be affirmed upon the ground that the affidavit upon which the order of arrest was based fails to disclose that a sufficient cause of action exists, as required by § 7491, Compiled Laws of 1913. This section provides: "The order may be made whenever it appears to the judge by the affidavit of the plaintiff, or some other person, that a sufficient cause of action exists, and that the case is one of

those mentioned in § 7489. The affidavit must be either positive or upon information and belief; and when upon information and belief, it must state the facts upon which the information and belief are founded. If an order of arrest is made, the affidavit must be filed in the office of the clerk of the court."

We shall therefore direct our attention solely to this one point.

The affidavit presented as a basis for the order reads as follows, omitting formal parts: "Mrs. J. E. F. Brown, being duly sworn, says that she is the plaintiff in the above-entitled action; that a sufficient cause of action exists against said defendant and in favor of said plaintiff for the recovery of damages in an action arising on contract, wherein the defendant has been guilty of a fraud in contracting the debt and incurring the obligation for which the action is brought; and is a cause of action mentioned in § 6890, Revised Codes of North Dakota 1905; that the facts upon which said action is based are stated and set forth in the verified complaint herein, a copy of which is hereto attached, sworn to, and made a part of this affidavit to the same effect as though such facts were again repeated at length herein." It is apparent that such affidavit, considered apart from the complaint, sets forth no facts from which it was made to appear to the judge that a sufficient cause of action existed to authorize the issuance of such order of arrest. We must therefore look to the complaint, which is made a part of the affidavit, to determine whether such necessary facts were made to appear. Such complaint is quite lengthy, and, instead of setting the same out in full, we shall content ourselves by adopting in main the condensed statement thereof made by appellant's counsel as follows:

"1st. That some time during the summer of 1909, while the defendant was doing dental work on the plaintiff's teeth, he commenced negotiations with her, and recommended that she purchase some land from the Inland Irrigation Company, in the state of Oregon.

"These negotiations continued along until about the 14th day of January, 1910, when a contract was drawn up, but was not signed until January 28th, 1910.

"2d. The plaintiff had doubts of the reliability of the Inland Irrigation Company, and also of her ability to perform the conditions set forth in the proposed contract, and refused to enter into the same unless full assurance was given that any money she paid upon the

contract would be refunded to her if the same did not prove satisfactory to her, or if she was unable to carry out the provisions of the contract.

"3d. That the defendant, for the purpose of inducing plaintiff to contract and pay over money, represented that he and the Columbia Land Company were interested as agents; that he was not only agent but vice president of the Columbia Land Company; that he was authorized and empowered by said company as its vice president to sign its corporate name; that he would personally and individually act as plaintiff's agent and trustee; that he would cause the Columbia Land Company to act as her agent and trustee, and that he individually and the Columbia Land Company would refund plaintiff's money to her within three months after demand if the plaintiff became dissatisfied or was unable to carry out the terms of the contract.

"4th. That plaintiff believed said statements, and relied upon them, and in consideration thereof executed the contract and paid over her money.

"5th. That she so paid over in the aggregate the sum of $1,029.75, and that said money was so paid by reason of plaintiff's reliance in and upon the statements and contract of said F. E. Ball and the pretended agreement of the Columbia Land Company.

"6th. That the defendant was guilty of fraud and deceit in this; that with intention to defraud the plaintiff he falsely, knowingly, fraudulently, and deceitfully represented and stated, for the purpose of misleading and defrauding the plaintiff, that he was vice president of the Columbia Land Company, and was authorized to sign its corporate name to a contract which he executed—exhibit 'B' of the complaint— as its vice president; when in truth and in fact the defendant very well knew that such statements were false, and that he had no authority to make such contract on behalf of the Columbia Land Company.

"7th. That the sources of plaintiff's information concerning the said fraud were letters from the Columbia Land Company, signed by its president; from the Commissioner of Corporations of the State of Oregon, and certain attorneys in Portland, Oregon, and statements of one H. E. Rorke.

"8th. That she was informed and verily believed that the defendant had transferred his property with intent to defraud his creditors. This allegation is solely on information and belief.

"That the Columbia Land Company is in no way liable upon the agreement made by the defendant.

"The sources of this information were letters from the Columbia Land Company, signed by its president, and statements of H. E. Rorke, an employee of the company.

"9th. That the plaintiff had demanded the return of her money, and that the defendant had only refunded $75 thereof, and refused to refund any further amount whatsoever.

"10th. That plaintiff was unable to get an affidavit from the president of the Columbia Land Company, as appears by letters and telegram from attorneys in Portland, Oregon.

"11th. That said defendant had not only refused to refund plaintiff's money, but had stated that if any effort was made to collect it, he would take bankruptcy, and threatened to scandalize plaintiff if she attempted to collect."

In addition to the above the complaint contains the following allegations: "That both the defendant, F. E. Ball, and the Columbia Land Company, have neglected and refused, for more than three months after such demand, to refund any part of said money to this plaintiff, save and except the sum of $75, refunded by the defendant, F. E. Ball; $50 thereof on the 3d day of April, 1911; and $25 thereof on the 5th day of September, 1911, leaving a balance due and not refunded of $954.75, with interest thereon at 5 per cent per annum from and since the 28th day of January, 1910, and the same and the whole thereof has been by said defendant, F. E. Ball, in the course of his said agency for this plaintiff, fraudulently converted to plaintiff's damage, $954.75, with interest at 5 per cent per annum from and since January 28, 1910. That plaintiff has demanded said sum last named from said defendant, F. E. Ball, but he has not paid nor accounted for nor refunded the same, nor any part thereof, and wholly refuses so to do."

This constitutes the sole allegation with reference to the plaintiff's damages, and it is manifestly insufficient, as we shall attempt to demonstrate. It requires no argument in support of the justness of the well-recognized rule that the provisional remedy of arrest and bail is an extremely harsh one, and consequently a plaintiff who wishes to avail himself of such remedy is held to a strict compliance with the statute. One of the essentials exacted of him by the statute is that he "make it

appear to the judge . . . that a sufficient cause of action exists, and that it is one of those mentioned in § 7489."

After carefully examining the complaint, which was incorporated into and made a part of the affidavit upon which the order of arrest was based, we are not surprised that the trial judge had difficulty in determining whether the plaintiff's cause of action was on contract, or in tort to recover damages for alleged fraud and deceit. The plaintiff was required to elect which ground she relied on for recovery, and her counsel made his election to rely on fraud and deceit. In making such election counsel's attention was expressly called by the trial judge to the language of this court in the case of Sonnesyn v. Akin, 14 N. D. at page 256, 104 N. W. 1026, as follows: "If one is actually defrauded by a false statement which induced him to enter into a contract, he has his remedy for the injury. The contract thus procured is not void, but voidable. 9 Cyc. 431; 14 Am. & Eng. Enc. Law, 156, and cases cited. He may either rescind the contract and recover any sums paid upon it, or property delivered pursuant to it, or he may affirm the contract, take such benefits as are obtainable under it, and recover damages for the injuries sustained by reason of the false statement. Tice v. Zinsser, 76 N. Y. 549; Krumm v. Beach, 96 N. Y. 398; Gifford v. Carvill, 29 Cal. 589, 6 Mor. Min. Rep. 558; Herrin v. Libbey, 36 Me. 350; Burton v. Stewart, 3 Wend. 236, 20 Am. Dec. 692; Purdy v. Bullard, 41 Cal. 444. These alternative remedies, it will be seen, are inconsistent, and are not available in the same action; for one is based upon a rescission of the contract, and the other upon an affirmance of it; one upon a contract implied by law obligating the wrongdoer to restore whatever of value he has received; the other in tort for damages for the injury done by the false statement. When the person injured elects the latter remedy, i. e., to sue for the tort, he affirms the contract, thus continuing it as a binding obligation."

Construing the complaint in the light of such election and the rule thus announced in Sonnesyn v. Akin, the learned trial judge reached the conclusion that it fails to allege facts sufficient to constitute a cause of action for fraud and deceit. In his memorandum decision, among other things, he says: "The court is first led to inquire: What are the charges of fraud set forth in the complaint; because that forms the ground work of the affidavit, and is considered in connection with it?

The allegations of the affidavit are purely legal conclusions, save and except as they are based upon the allegations of the complaint, and the objections above given are therefore in the nature of a demurrer to the complaint. As stated in ¶ 6 above, the right to have the warrant of arrest issued rested wholly upon the allegations in the affidavit, and if there are not sufficient facts set forth, then the court would not have jurisdiction to grant such order.

"This is an action for fraud and deceit. To establish actionable fraud, the proofs must show:

"1. The fraud must be material. It must relate distinctly and directly to the contract, and affect its very essence and substance.

"2. The standard requires proof to show that the contract would not have been entered into if the fraud had not been practised. If the proof is such as to show or make it probable that the same thing would have been done in the same way, or substantially so, in absence of fraud charged, then it is not material.

"3. The misrepresentations must have been made with the design to impose upon the opposite party and to induce him to act in the premises.

"4. That the complaining party relied upon the representations or statements made.

"5. That the representations were such, or were made under such circumstances, that the injured party had a right to rely upon them in full belief of their truthfulness.

"6. That the complaining party has been, as a result of the fraudulent transactions, injured. 3 Elliott, Ev. § 2137, p. 636.

"In Sonnesyn v. Akin, supra, the court says: 'The fact that the evidence fails to show that the false statement was followed by injury is fatal to a recovery. . . .'

"Adopting the liberal rule which is required in considering the pleadings, I am satisfied that there are sufficient allegations to cover all the first five requirements as above set forth in the quotation from Elliott on Evidence, but I have looked in vain to discover where, upon the tort side of the action, there is any allegation of damage whatsoever. The only allegation that could in any way be considered as referring to damages appears in the latter part of ¶ 7 of the complaint, but the statements there are based upon and have reference wholly to the

amount due on the contract, and if they could be said to refer to the tort side of the case, it would be the conclusion of the pleader, without the statement of any facts showing such damage, or upon which the court could draw such conclusion of fact. It sets forth the amount that has been paid, and demands judgment for the amount which was paid, as would appear her right under the contract.

"Having elected to sue for the tort, it would become necessary to show that there was no value whatever in the contract, exhibit B. Prima facie it has value, and without suitable allegations to show that there was no value it would follow, by the plaintiff's own showing, she was not damaged. The allegation in the complaint, made upon information and belief, as to the lack of responsibility on the part of Mr. Ball, would not support such an allegation when used as an affidavit, because the sources of the information were not given. So the affidavit upon which the order of arrest was obtained stands in the situation of having no charge against the responsibility of Mr. Ball, and presumptively he is responsible. Judge Mitchell, in the case of Grosse v. Cooley, 43 Minn. 188, 45 N. W. 16, says: 'Solvency is always presumed until insolvency is proved. The presumption is that the purchaser was able to perform the obligations assumed by his contract,'—citing authorities. See also Hart v. Hoffman, 44 How. Pr. 168.

"The case of Hawke v. Fletcher, 4 Dak. 42, 22 N. W. 593, was a case very similar to the one at bar, where the court says: 'The complaint gives no description of the mortgage, nor of the property mortgaged, nor of its value. . . . In an action like this, the complaint should more fully describe the mortgage [in this case it would be the contract], in what it is worthless, and especially the value of the security. If the security was of no value, and the plaintiff knew it, what is the measure of his damage in the action at bar?'

"Cooley on Torts, p. 90, makes use of the following language: 'If one by means of false warranty is enabled to accomplish a sale of property, the purchaser may have his remedy upon the contract of warranty, or he may bring suit for the tort. The tort consists in his having been, by fraud and falsehood, induced to make the purchase. It is a broken contract, but it is also something more. It is deception to the injury of the purchaser in procuring the contract to be made. Suit may be brought on the contract, ignoring the fraud, but it may also be

brought for the fraud, and then the contract will not be counted on, though it will necessarily be shown, in order to make apparent how the deception was injurious.'

"If these observations and tests which have been made are correct, it follows that the affidavit for the order of arrest was fatally defective in failing to allege that there was any damage, and did not give the court jurisdiction to issue the warrant. From this it follows that said order should be vacated."

We are entirely satisfied with both the reasoning and conclusion of the trial court and adopt the same as our own. We desire to supplement his opinion upon the point that no damage is alleged or shown, by stating that the allegation with reference to such damage merely relates to an alleged conversion of the money claimed to be due from defendant to plaintiff under the contract. After alleging defendant's neglect and refusal after demand to refund to plaintiff a balance of $954.75 paid by her on the contract, and which she claims a contract right to have refunded, the complaint reads: "And the same and the whole thereof has been by said defendant, Ball, in the course of his said agency for this plaintiff, fraudulently converted, to plaintiff's damage $954.75, with interest."

Manifestly, such allegation of damage is restricted to and inseparably connected with such alleged conversion of the money claimed to be due, and cannot be treated as an allegation of damages suffered as the result of the alleged fraud and deceit. It logically follows, as a necessary conclusion, that if the complaint as a whole discloses that there was no conversion, this allegation of resulting damage occasioned thereby must fall, or be treated as mere surplusage. Not only does the complaint refute the theory of a conversion, but it is refuted by the plaintiff's election to treat the action as one for fraud and deceit, and under the rule in Sonnesyn v. Akin, supra, this is an affirmance of the contract, and plaintiff can recover only such damages as she is able to prove resulted to her by reason of such fraud and deceit. She has shown no such damage at all in her affidavit or complaint. Having affirmed the contract, and thereby elected to retain any benefits accruing to her thereunder, it requires no argument to demonstrate that she cannot recover back what she parted with, either on the theory of conversion or otherwise. The complaint is silent as to the value of that which she has elected

to retain, and consequently she does not show that she has suffered any detriment through the alleged wrongful acts of the defendant. If, instead of affirming the contract and retaining the benefits, if any, thereunder, plaintiff had, upon discovering the alleged fraud, disaffirmed or rescinded the same by restoring what she received thereunder, she might, under the views of the writer as expressed by him in Sonnesyn v. Akin, supra, have maintained an action to recover the money which she parted with through such fraud, even upon the theory of the conversion of such moneys by the defendant; but she has seen fit by her election to affirm the contract and to ask damages for the fraud and deceit, and, as before stated, she is precluded by such election.

One other point requires slight notice. Appellant's counsel contends that under § 7515, Compiled Laws 1913, which provides that if the motion to vacate the order of arrest is made upon affidavits upon the part of defendant, the plaintiff may oppose the same by affidavits or other proofs in addition to those on which the order of arrest was made, that his proposed amendment to the complaint, made at the time of the hearing of the motion to vacate such order, would relate back and cure any deficiency in the affidavit upon which the order was issued. Such contention is, we think, unsound. If the original affidavit is fatally defective in any essential particular required by § 7491, it is our understanding that it cannot be remedied by supplemental affidavits produced at the hearing of the motion to dissolve. 3 Cyc. 934; Hauss v. Kohlar, 25 Kan. 640.

The order appealed from is affirmed.