# MRS. J. E. F. BROWN, Respondent, v. DR. F. E. BALL, Appellant.

(174 N. W. 629.)

In an action brought upon an agreement to refund, at the option of the pur-
chaser, the payments made under a contract to purchase real estate, and
where there had been a previous action between the same parties for fraud
and deceit in negotiating the sale contract and refunding agreement, it is *held:*

**Actions — election of remedies — effect of plaintiff's election in the previous
action concerning same contract.**

1. The election of the plaintiff in the previous action for fraud and deceit
to treat the sale contract as binding was an election for the purpose of that
action.

**Election of remedies — effect of judgment against plaintiff in former action.**

2. Where a contract was adopted for the purposes of an action for fraud
and deceit, and where the plaintiff failed to recover in such action, he is not
precluded from subsequently maintaining an action for breach of the contract,
and it is immaterial that the contract had been broken before the action for
fraud and deceit was instituted, and that its performance by the defendant
would have compensated for all damages occasioned by the alleged fraud and
deceit.

**Vendor and purchaser — option to have payments refunded — effect of ac-
tion for fraud and deceit against vendor.**

3. Where a party exercised an option to be reimbursed under a refunding
agreement, given in connection with a contract for the sale of real property,
and subsequently brought an action for fraud and deceit in negotiating the
sale contract and refunding agreement, the bringing of such action did not
constitute a waiver of the option.

**Vendor and purchaser — effect of option to recover payments.**

4. Under a contract in which defendant obligated himself to refund to the
purchaser of land "all sums of money paid upon the within contract," com-
missions earned by a third party, which are, with his consent, accepted by the
vendor as payments on the land contract and credited to plaintiff with plain-
tiff's consent, may be recovered.

**Vendor and purchaser — effect of agreement to refund payments made.**

5. The evidence is examined and *held* to support the finding that the re-
funding agreement was negotiated as a part of the sale contract though dated
subsequently to it; also that it supports the finding as to the amount expend-
ed by the plaintiff under the land contract.

Opinion filed July 7, 1919.  Rehearing denied September 19, 1919.

Appeal from District Court of Cass County, *A. T. Cole*, J.
Affirmed.

*Watson, Young, & Conmy*, for appellant.

This plaintiff having elected to proceed in tort waived her right to sue on the contract exhibit "B," and is estopped from now suing on that contract. The law on the subject is well settled. See 9 R. C. L. pp. 956–958.

"It is well settled indeed, that a party may not take contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again." Thompson v. Howard, 31 Mich. 309; McNutt v. Hilkins, 80 Hun, 235, 29 N. Y. Supp. 1049; Welsh v. Carder, 95 Mo. App. 41, 68 S. W. 580; Roney v. H. S. Halvorsen Co. 29 N. D. 20; Sonnesyn v. Akin, 14 N. D. 256, 104 N. W. 1029; Field v. Elevator Co. 6 N. D. 424, 71 N. W. 135.

By deliberately electing to keep the contract exhibit "A," she disables herself from proceeding under exhibit "B," and waives her right to proceed upon it. Roney v. Halvorsen, 29 N. D. 20, and cases cited; Sonnesyn v. Akin, 14 N. D. 256; 4 L.R.A. 145; 5 L.R.A. 693; 8 L.R.A. 217; 13 L.R.A. 91; Swan v. N. R. Co. (N. D.) 168 N. W. 657; Brown v. Ball, 150 N. W. 893.

Where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point, or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action. Cromwell v. Sac Co. 94 U. S. 351, 25 L. ed. 195; Packet Co. v. Sickles, 24 How. 333, 16 L. ed. 650; Bissell v. Spring Valley Twp. 124 U. S. 225, 31 L. ed. 411, 8 Sup. Ct. Rep. 495; Hanna v. Reid, 102 Ill. 596; Wright v. Griffey, 147 Ill. 496, 35 N. E. 732; Leopold v. Chicago, 150 Ill. 568, 37 N. E. 982; Railway Co. v. Carson, 169 Ill. 247, 48 N. E. 402; Markely v. People, 171 Ill. 260, 49 N. E. 502; Young v. People,

171 Ill. 299, 49 N. E. 503; Chicago Theological Seminary v. People, 59 N. E. 979; Stearns v. Lawrence, 83 Fed. 742.

"When a court with jurisdiction of the parties and subject-matter of the litigation makes an adjudication as to a question of law, etc., its adjudication is conclusive on the same questions in any subsequent litigation between the same parties." Appeal and Error, 2 Decen. Dig. No. 1097; Broden v. Graves (N. D.) 127 N. W. 104.

"Questions fairly raised and decided on a former appeal in the same action are not open for consideration on a subsequent appeal, as such decision on the first appeal, whether right or wrong, became and is the law of the case." Schmidt v. Beiseker (N. D.) 120 N. W. 1096; Persons v. Persons (N. D.) 97 N. W. 551; Ottew v. Friese (N. D.) 126 N. W. 503.

"Where more than one remedy to deal with a single subject of action exists, and they are inconsistent with each other, after the choice of one with knowledge, or reasonable means of knowledge, of the facts, the other no longer exists." Rowell v. Smith, 102 N. W. 1; Fowler v. Bank, 113 N. Y. 450, 21 N. E. 172, 10 Am. St. Rep. 487, 4 L.R.A. 145; 9 R. C. L. 956–962; North Dakota cases heretofore cited.

"In cases in which the remedies are not inconsistent, but are alternative and concurrent, there is no election until one of them has been prosecuted to judgment, unless the plaintiff has gained an advantage or the defendant has suffered a disadvantage." 9 R. C. L. 961; 34 L.R.A.(N.S.) 313; Neil v. Burton, 12 N. W. 906.

This defendant is estopped by her laches and conduct from recovery here. State v. Nohls, 16 N. D. 168, 112 N. W. 141; Kenny v. McKenzie (S. D.) 127 N. W. 597; Penn Mut. L. Ins. Co. v. Austin, 168 U. S. 685; 10 R. C. L. p. 395, Nos. 142 and 143, and numerous cases cited; Haugen v. Skjervheim, 13 N. D. 616, 102 N. W. 311.

"A recovery cannot be had by an indemnitee who has not performed a covenant which by the terms of the contract is a condition precedent to any liability on the part of the indemnitor." 22 Cyc. 93 and cases cited.

"A limitation of the time for which a standing offer is to run is equivalent to the withdrawal of the offer at the end of the time named. The rule that in equity time is not of the essence of a contract does not apply to a mere offer to make a contract." 32 R. C. L. p. 609; Comp. Laws 1913, §§ 5859 and 5864; Hull Coal & Coke Co. v.

United States Empire Co. 113 Fed. 256; Wells v. Smith (N. Y.) 31 Am. Dec. 275; Garrison v. Cook, 72 S. W. 54; 25 Cyc. 1317—abandonment of action; Johnson v. Duncan, 2 How. Pr. 366; Dyer v. Duffy, 19 S. E. 540, 24 L.R.A. 339; 5 Decen. Dig. No. 278, Contract; Vredenburg v. Sugar Co. 28 So. 122; Thurber v. Smith, 54 Atl. 790, waiver, of tender; Swan v. G. N. R. Co. (N. D.) 168 N. W. 657.

"The burden of proof that a proposal has been accepted, and that notice thereof has been communicated to the proposer, rests upon the party claiming to have accepted the same." 6 R. C. L. p. 607, Contracts; Weaver v. Burr, 8 S. E. 743.

There can be no question but plaintiff cannot recover in this case. Bank v. Story, 93 N. E. 940; Am. Cotton Co. v. Hervig, 37 So. 117; Decen. Dig. No. 108, Sales; Owens Co. v. Doughty, 16 N. D. 10; Poirier Co. v. Kitts, 18 N. D. 556; Fahey v. Machine Co. 3 N. D. 220; Noble v. Growing Co. 36 L.R.A.(N.S.) 472.

*Lawrence & Murphy,* for respondent.

Assignments of error and specifications not argued nor discussed in the brief are deemed abandoned by appellant. Supreme court rules of North Dakota 1914, rule No. 34; 2 Cyc. 1014; 4 Standard Cyc. Proc. 585; 2 Spelling, New Trial & Appeal, § 679; Hayne, New Trial & Appeal, 279; Nokken v. Mfg. Co. 11 N. D. 399, 92 N. W. 487; Kelly v. Pierce, 16 N. D. 234, 112 N. W. 995; Foster I. Co. v. Smith, 17 N. D. 178, 115 N. W. 663; Schmidt v. Beiseker, 19 N. D. 35, 120 N. W. 1096; State v. Wright, 20 N. D. 216, 126 N. W. 1023.

In Schmidt v. Beiseker, 19 N. D. 35, 120 N. W. 1096, this court said: "The point covered by such specifications is not argued or referred to in appellant's brief, and hence is deemed abandoned."

"The doctrine of election of remedies applies only where there are two or more remedies, all of which exist at the time of election and which are alternative and inconsistent with each other, and not cumulative, so that after the proper choice of one, the other or others are no longer available." 9 R. C. L. p. 958.

"A class of cases is to be distinguished from those which are subject to the doctrine of election of remedies."

And an action on a contract induced by fraud is not inconsistent with an action for damages for the deceit. Union Cent. Ins. v. Schil-

der, 130 Ind. 214; Gall v. Gall, 126 Wis. 390, 5 L.R.A.(N.S.) 603, 105 N. W. 953. Notes in 8 L.R.A. 216 and 10 Am. St. Rep. 487.

"The principles governing election of remedies are necessarily based upon the supposition that two or more remedies exist. If in fact or in law only one remedy exists, there can be no election by the pursuit of another and mistaken remedy." Water Co. v. Hutchinson, 160 Fed. 41, 19 L.R.A.(N.S.) 219; Harrill v. Davis, 168 Fed. 187, 22 L.R.A.(N.S.) 1153; Agar v. Winslow, 123 Cal. 587, 56 Pac. 422; Am. Process Co. v. Brick Co. 56 Fla. 116, 47 So. 942; Bank v. Hilson, 64 Fla. 206, 60 So. 189; McCoy v. McCoy, 32 Ind. App. 38, 69 N. E. 193; Zimmerman v. Robinson, 128 Iowa, 72, 102 N. W. 814; Wells v. W. U. 144 Iowa, 605, 123 N. W. 371; note in 8 L.R.A.(N.S.) 144; Rowell v. Smith, 123 Wis. 510, 102 N. W. 1, and many other cases cited therein.

"A judgment against the plaintiff in an action for deceit is not a bar to another action on a contract in regard to the same subject-matter not involving the charge of deceit." Salem R. Co. v. Adams, 23 Pick. 256; Steel v. Chamberlain, 60 N. Y. 272; Cromwell v. Sack Co. 94 U. S. 351, 24 L. ed. 195; 6 Wait, Actions & Defenses, 781; Opinion and notes found in 22 L.R.A.(N.S.) 1160.

BIRDZELL, J. This is an appeal from a judgment in favor of the plaintiff for $954.75. The judgment was rendered in an action brought for breach of a contract to repay money expended by the plaintiff in the performance of a land-purchase contract. The facts are as follows: The defendant in 1910 was engaged in the real estate business in the city of Fargo, in the capacity of sales agent for the Columbia Land Company. He worked on a salary of $350 per month, and the lands he was selling were high-priced fruit lands in Oregon. In the month of January, 1910, the plaintiff entered into a contract with the Columbia Land Company for the purchase of 10 acres for $2,250, the contract being dated January 14, 1914. The plaintiff claims that as an inducement to enter into the contract, the defendant executed the agreement upon which this suit is founded. The agreement is as follows:

"Whereas, Mrs. J. E. F. Brown of Fargo, Cass county, North Dakota, did on or about the 14th day of January, A. D. 1910, enter into a

contract with the Inland Irrigation Company, a corporation, in the state of Oregon, to purchase certain real estate described as follows, to wit: The northwest quarter (N.W.¼) of the southeast quarter (S.E.¼) of the northwest quarter (N.W.¼) in section nine (9), in township four (4), north of range twenty-nine (29), in the county of Umatilla and state of Oregon, containing ten (10) acres, for and in consideration of the sum of two thousand two hundred and fifty ($2,-250) dollars:

Now, therefore, F. E. Ball individually, and the Columbia Land Company, a corporation, hereby agree to refund to Mrs. J. E. F. Brown, of Fargo, North Dakota, any time within three years from date, within three (3) months after demand, all sums of money paid upon the within contract heretofore described, with five (5) per cent interest from date, upon the surrender by her of all her rights thereunder.

Dated at Fargo, Cass county, North Dakota, this 28th day of January, A. D. 1910.

F. E. Ball,

Columbia Land Company,

By F. E. Ball, its V. P.

In October, 1910, the plaintiff demanded of the defendant the return of the moneys paid out by her on the land contract, and she claims that no part of the same has been returned, except $50 on April 3, 1911, and $25 on September 5, 1911.

In August, 1913, the plaintiff commenced an action against the defendant, in connection with which she caused the defendant to be arrested under the Arrest and Bail Statute. Although a breach of the agreement in suit was alleged in that action, the plaintiff elected to treat it as one for fraud and deceit. The alleged deceit consisted in inducing the plaintiff to enter into the land-purchase contract by making misrepresentations as to the financial responsibility of the defendant and as to his official connection with the Columbia Land Company, of which it was alleged he had falsely represented himself to be vice president, and to have authority to bind the company to the terms of the above-quoted agreement to refund. It was alleged that there was "a balance due and not refunded of $954.75, with interest thereon

at 5 per cent per annum from and since the 28th day of January, 1910, and the same and the whole thereof has been by the said defendant, F. E. Ball, in the course of his said agency for this plaintiff, fraudulently converted to plaintiff's damage of $954.75, with interest." And that "plaintiff has demanded said sum last named from said defendant, F. E. Ball, but he has not paid nor accounted for nor refunded the sum or any part thereof, and wholly refuses to do so."

In that action the defendant was arrested, furnished bail immediately, and thereafter moved to vacate the order of arrest. The order was vacated and from that order an appeal was taken to this court, where the order was affirmed. Brown v. Ball, 29 N. D. 223, 150 N. W. 890. The order was vacated for the reason that the affidavit and the complaint upon which the order was based, failed to allege any facts showing that damages had resulted from the alleged fraud and deceit. A sufficient cause to warrant the arrest under §§ 7489 and 7491, Compiled Laws of 1913, therefore, did not exist.

During the pendency in this court of the appeal from the order, the case was tried below on an amended complaint and answer, and at the end of the trial the court directed the jury to return a verdict for the defendant. Under the amended complaint the *ad damnum* clause is the same as under the original pleading, the plaintiff claiming $954.75, with interest; but the paragraph which sets forth the basis for the claim does not cure the defect which this court found to be inherent in the original complaint; that is, it does not allege the damages sustained by the plaintiff by reason of the affirmance of the sale contract. The paragraph is as follows: "That by reason of the premises, *viz.*, the fraud and deceit of the said defendant, F. E. Ball, as in this complaint set forth and alleged, coupled with the said neglect and refusal by both the defendant and the said Columbia Land Company to refund her money as hereinbefore alleged, the plaintiff has suffered loss and damage in the full sum of $954.75, with interest thereon from and since January 28, 1910, at the rate of 5 per cent per annum."

In the present action, the plaintiff and defendant each having moved for a directed verdict, the trial court directed the entry of a judgment for the full amount claimed.

The first contention of the appellant is that the plaintiff, having

heretofore elected to sue the defendant for fraud and deceit instead of bringing an action upon the refunding agreement, is estopped to sue upon the latter.

When the motion was made to dissolve the order of arrest, the defendant was required to elect, as between the action for damages for fraud and deceit and the action for the breach of the agreement to refund, both of which the complaint purported to cover. The plaintiff thereupon elected to treat the action as a tort action. In treating the action, however, as one to recover damages for deceit, it became essential for the plaintiff to adopt the contract thus wrongfully foisted upon her, and to show what damages were occasioned thereby. Brown v. Ball, supra. It will be noticed, nevertheless, that in the above quotation from the amended complaint, the plaintiff still predicated her damages upon fraud and deceit, together with the refusal of the defendant and the Columbia Land Company to refund her money. In view of the previous election to stand upon the cause of action for fraud and deceit, we cannot assume, in the absence of evidence, that there was involved in the trial the question of the breach of the agreement to refund. So, in viewing this record in connection with the contention that the plaintiff is estopped to sue upon the agreement, we must consider that the previous action was defeated for the failure to make out a case in fraud and deceit. The question then resolves to this: Does the inclusion of a cause of action upon the contract to refund in a complaint which also purports to allege a cause of action for fraud and deceit, and the abandonment of the former under an election, binding for purposes of the action, preclude the plaintiff from subsequently maintaining an action for the breach of the agreement? We are convinced that the appellant bases his case upon the strongest possible ground when he urges that the plaintiff is estopped to pursue this action upon the contract, but we cannot agree with counsel in his conclusion that an estoppel exists. Upon the argument counsel relied upon the expression of this court in Kallberg v. Newberry, post, 521, 170 N. W. 113, but in that case it was said (page 117): "The real basis for a binding election is estoppel, and if the election is held binding or not binding, depending upon whether or not the elements of an estoppel are present, no injustice can result. In the present case the appellant first sought to avail himself of his right to rescind, and

43 N. D.—21.

in the action brought *litigated every issue that is material to the main-tenance of his present action.   His adversary not only relied upon his choice to the extent of meeting the issues presented, but, after the de-termination of the case, he dealt with others on the strength of the result.   .   .   .   If the contract, as found in the previous suit to be, had not been performed, and this action were brought for its breach, a different question would be presented.*"

In the statement quoted it will be seen that allowance was made for just such a situation as exists in the present case.   In the former suit there was involved the damage that the plaintiff sustained by rea-son of the fraud,—damages that would have been entirely obviated had the contract in question been performed.   In the action for fraud and deceit, therefore, had the defendant been able to show that he had performed the contract to refund, he would not only have defeated that action, but he would have litigated an issue which could not again be litigated in this suit.   The defendant, however, does not attempt to prove that the performance of the contract to refund was litigated in that action, and the only inference to be drawn from this is that it was not performed.   This, then, forms an issue which is material to the present suit, and which was not litigated in the former suit.   When analyzed, the appellant's position amounts to this: Having been put to the trouble and expense necessary to defeat an action for fraud and deceit in negotiating a land contract and a refunding agreement, he should not be held liable for the performance of the latter agreement. We confess that we are unable to see upon what principle the refund-ing agreement, which was at least honestly made so far as the plain-tiff was concerned, can be discharged by such considerations.   There are numerous grounds upon which the deceit action could be terminated adversely to the plaintiff, which would presuppose the continuation of the obligation to refund.   We can see no basis for an estoppel that pre-cludes the plaintiff from maintaining the present suit for breach of the agreement to refund.

But, it is contended, that since the action for fraud and deceit, which was begun by the plaintiff after the exercise of her option to surren-der the contract and recover her money, is predicated upon an affirm-ance of the land contract, she cannot subsequently avail herself of the option.   It is claimed that the starting of the action for fraud and

deceit was a waiver of the exercise of the option. This contention appears to us to be without merit for the reason that there is no legal ground for compelling the plaintiff to hazard whatever value attached to the refunding agreement upon the outcome of an action which could be maintained upon independent grounds.

It is also contended that the decision of this court in Brown v. Ball, 29 N. D. 223, 150 N. W. 890, establishes the law of this case concerning election. The following language of the court is relied upon: "Having affirmed the contract, and thereby elected to retain any benefits accruing to her thereunder, it requires no argument to demonstrate that she cannot recover back what she parted with, either · on the theory of conversion or otherwise. .The complaint is silent as to the value of that which she has elected to retain, and consequently she does not show that she has suffered any detriment through the alleged wrongful acts of the defendant. If, instead of affirming the contract and retaining the benefits, if any, thereunder, plaintiff had, upon discovering the alleged fraud, disaffirmed or rescinded the same by restoring what she received thereunder, she might, under the views of the writer as expressed by him in Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026, have maintained an action to recover the money which she parted with through such fraud, even upon the theory of the conversion of such moneys by the defendant; but she has seen fit by her election to affirm the contract and to ask damages for the fraud and deceit, and, as before stated, she is precluded by such election." It is to be remembered in connection with the previous decision of this court, that but a single question was under consideration; that of the correctness of the order dissolving the arrest. The court professed to deal with no other question. The quoted portion of the opinion, when carefully read in the light of the question under consideration, only demonstrates the insufficiency of the complaint upon which it was sought to justify the arrest, and it was written in the light of the election, which was conclusive, for purposes of that action, to treat the . land as retained by the plaintiff. It is perfectly apparent that in the above discussion the court did not have in mind the agreement to refund, and that it was only stating the reasons which led it to hold that the affidavit and complaint containing the order of arrest must show prima facie wherein the plaintiff has suffered actual damage. This

is clearly demonstrated by the latter portion of the quotation, wherein the court considered the right of the plaintiff to rescind the contract and recover back the money paid on common-law principles.

It is also argued that the refunding agreement is without consideration. It is dated January 28, 1910, whereas the sale contract is dated January 14, 1910. Of course, if it should appear that the only consideration supporting the refunding agreement was the pre-existing sale contract, this contention would be well founded. The plaintiff testifies positively that she did not sign the sale contract until after the refunding agreement—or guaranty, as she calls it—had been executed; and from all of the evidence we are satisfied that the refunding agreement was an inducement to the execution of the sale contract by the plaintiff.

It is next contended that the judgment is excessive. The plaintiff testified that she had paid on the contract $1,029.75, of which amount $75 had been refunded to her by the defendant. The defendant, on the other hand, testified that she had paid but $450 on the contract. Plaintiff's exhibits C, D, E, and F, consist of two checks,—one for $250, dated January 28, 1910, and one for $200, dated March 5, 1910, which bear the indorsement of the Columbia Land Company, a promissory note for $330, dated January 14, 1910, and payable to the order of the Columbia Land Company on or before July 14, 1910, which is marked "Paid" on April 11, 1910, by the Columbia Land Company, and a receipt for $249.75, dated March 5, 1910, and acknowledging the receipt on behalf of the Columbia Land Company "a/c Land contract." The payments represented by the checks are admitted. The note, as to date, due date and amount, corresponds with the description of the first note required by the contract to be executed, and the plaintiff's testimony to the effect that she has paid the note, together with the acknowledgment of receipt apparently on behalf of the Columbia Land Company, and the possession of the note by the plaintiff, is more convincing to our minds than the denial of such payment by the defendant, who might or might not be familiar with the fact. It seems to be the defendant's contention that both the plaintiff's note for $330 and the receipt for $249.75, acknowledging payment on the contract, were given by the Columbia Land Company to the plaintiff's husband in discharge of its obligations to him for com-

missions. Plaintiff testifies that both the note and receipt were brought to her by her husband, and that she has no distinct recollection of paying out the amount of money represented by these two instruments. As we view the case, it is immaterial whether the note and the receipt in plaintiff's possession represent money payments by her or whether they represent credits upon the land contract of amounts of money represented by commissions earned by her husband. If plaintiff's husband and the Columbia Land Company consented to liquidate the latter's liability to him by applying the amount on plaintiff's contract and the plaintiff assented to this, she would be clearly entitled, under the refunding agreement, to be reimbursed for the moneys thus credited by the Columbia Land Company. If the plaintiff's husband was content to be paid for his services in this manner, the plaintiff's right to be reimbursed for the payments thus made on her behalf is just as clear as though her husband had advanced money payments under the contract. Anything is a payment under the contract which the other contracting party is willing to receive as a payment, and we cannot see wherein the defendant can complain. He does not even claim that such credits were fraudulently made.

The evidence well supports the finding of the trial court as to the amount for which judgment should be entered.

For the foregoing reasons, the judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and ROBINSON, J., concur.

BRONSON, J. I dissent. I agree neither with the reasoning nor with the result obtained by the majority in this case. The judgment ought to be reversed upon principles of law, as well as of justice. The plaintiff ought to be estopped and bound by her election of remedies, and the proceedings had in the former case.

GRACE, J., concurs in dissent.