ENGLISH *et al.* *v.* SPOKANE COMMISSION CO.

*(Circuit Court, D. Washington, E. D. November 2, 1891.)*

SALE—BREACH OF WARRANTY—WAIVER—ACCEPTANCE OF GOODS.

In an action for the price of goods, where the seller claims damages for breach of warranty, it is a question for the jury whether he waived his claim for damages by accepting the goods after he had the opportunity to inspect them and discover their defective condition.

At Law. On motion for new trial.

*Jones & Voorhees*, for plaintiffs.

*Turner & Graves* and *A. G. Avery*, for defendant.

HANFORD, J.   This case has been tried before the court and a jury, and a verdict rendered for the plaintiffs.   The defendant moves for a new trial on the ground of error in law in the instructions and rulings of the court upon the trial, and because the verdict is contrary to the evidence.   The plaintiffs are commission merchants, residing and doing business at Omaha, in the state of Nebraska.   The defendant is a corporation engaged in the commission business and dealing in farm produce at the city of Spokane, in this state.   The defendant ordered from plaintiffs a car-load of eggs and several car-loads of potatoes, which it required for resale to its customers, and the plaintiffs agreed to sell and deliver said merchandise to the defendant at Spokane.   All of the eggs and potatoes were to be selected by the plaintiffs, and forwarded without previous inspection by the defendant; and I hold that, upon the admitted allegations of the pleadings and the facts established by proof, the contract as made included a warranty of the quality of the goods, and that the plaintiffs were bound to deliver only strictly fresh eggs and good merchantable potatoes, all in marketable condition.   The goods were sent and received by the defendant after payment of the contract price for the eggs and all charges for freight on the potatoes.   The plaintiffs brought this action to recover the contract price of the potatoes, and the defendant pleaded a counter-claim for damages on account of losses sustained by reason of the bad condition of the goods, and introduced evidence tending to prove that a large portion of the eggs were stale and unfit for use, and that a part of each car-load of potatoes were decayed and in bad condition.

By the instructions given, the jury were called upon to decide, as a question of fact, whether the defendant had an opportunity to inspect the potatoes, and ascertain their condition and quality, after their arrival at Spokane, and before payment of the charges for freight; and the court stated the law to be that if the defendant did have such opportunity for inspection, and failed to reject the entire consignment, any claim which it might have had for damages on account of the bad condition or quality of the potatoes was waived, and the case was submitted to the jury upon that theory.   It is my opinion now that I was led into error by the authorities before me during the trial, and especially the summary given in Benjamin on Sales of the English cases of *Couston* v. *Chapman,* L. R. 2 H. L. Sc. 250, and *Grimoldby* v. *Wells,* L. R. 10 C. P. 396. 2 Benj. Sales, (6th Amer. Ed.) §§ 977, 978.   In note 29, on page 856 of the same volume, it is shown by a collection of American cases that the courts in this country hold the law to be that, if the buyer accepts goods tendered him in fulfillment of an executory contract with warranty, he may recover on the warranty in case of loss sustained by reason of inferiority of the goods.   *Parks* v. *Morris Ax, etc., Co.,* 54 N. Y. 586, is a case directly sustaining this proposition.   The rule is also affirmed in a recent decision of the supreme court of this state in the case of *Tacoma Coal Co.* v. *Bradley,* 27 Pac. Rep. 454, and in the case of *Canning Co.* v. *Metzger,* 118 N. Y. 260, 23 N. E. Rep. 372, and *Morse* v. *Moore,* (Me.) 22 Atl. Rep. 362; and see Central Law Journal, vol. 33, p. 281, editorially

referring to the case last cited, and approving it. I think a clear and true statement of the law governing this case is contained in the following extracts from the editorial and decision last referred to:

"The doctrine that, in an executory contract for the sale of goods, an acceptance by the vendee is a waiver of deficient performance by the vendor, applies only where the deficiency of performance is formal, rather than essential, such as may relate to the time, place, and manner of delivery, or affect the taste and fancy of the purchaser merely, or consist of some omission that produces no essential loss or injury." 33 Cent. Law J. 282.

"If the goods be accepted without objection at the time, or within a reasonable time afterwards, the evidence of waiver, unless explained, might be considered conclusive. But if, on the other hand, objection is made at the time, and the vendor notified of the defects, and the defects are material, the inference of waiver would be altogether repelled; but acceptance accompanied by silence is not necessarily a waiver. The law permits explanation, and seeks to know the circumstances which induce acceptance. It might be that the buyer was not competent to act upon his own judgment, or had no opportunity to do so, or declined to so act as a matter of expediency; placing his dependence mainly, as he has a right to do, upon the warranty of the seller. Upon this question the facts are generally for the jury, under the direction of the court." Opinion by PETERS, C. J., in *Morse v. Moore.*

The instructions given certainly contained error prejudicial to the defendant. I see no way of escape from the conclusion that the verdict must be vacated, and the motion for a new trial granted, and it is so ordered.