NORTHWESTERN CORDAGE CO. *vs.* D. E. RICE.

Opinion filed April 25th, 1896.

**Sale—Implied Warranty.**

> When, in response to an order for an article described in a particular way by the purchaser, the seller delivers an article of that general nature, but not fully corresponding with such description, the law regards his act as equivalent to a sale of such article by the particular description set forth in the order, and he is therefore considered to have warranted that it corresponded to such description. Accordingly, *held*, that where the purchaser had ordered pure Manilla twine, and the seller assumed to fill the order, he must be deemed to have warranted that the article delivered was in fact pure Manilla twine.

**Waiver—Question for Jury.**

> The acceptance by the purchaser of an article which does not correspond to the warranty, with knowledge of the defect, does not, as a matter of law, bar his right to rely upon the warranty. It is a circumstance to go to the jury, on the question whether there was a breach, and possibly whether the purchaser has not waived his right to insist upon damages for it. The giving by the purchaser of notes for the purchase price, with knowledge of the facts, does not prejudice his rights, where he expressly reserves his right to insist upon his claim for damages, and gives the notes with the understanding that such claim will be recognized by the seller.

Appeal from District Court, Richland County; *Lauder*, J.

Action by the Northwestern Cordage Company against D. E. Rice. From a judgment for plaintiff, defendant appeals.

Reversed.

*McCumber & Bogart*, for appellant.

The oral agreement to allow a rebate for damages was valid and did not vary the terms of the notes. *Brayley* v. *Henry*, 12 Pac. Rep. 621; *Maltz* v. *Fletcher*, 18 N. W. Rep. 228. Such an agreement as is contended for may be shown. *Dickens* v. *Morgan*, 7 N. W. Rep. 145; *Buscher* v. *Knapp*, 8 N. E. Rep. 263; *Staab* v. *Ortiz*, 1 Pac. Rep. 857. The note in suit was a renewal of the note given for the purchase price of the twine and defendant had the same right to counterclaim that he would have had against the original note. *Osborne & Co.* v. *Marks*, 33 Minn. 56. When the defendant ordered "pure Manilla," plaintiff impliedly

warranted that what it would send should be pure Manilla. The defendant had a right to retain the goods or to return them and recoup in damages. 2 Benj. on Sales, 1145 and 844, note 24. A sale by description is upon condition that the thing sold answers the description. 2 Benj. on Sales, 799, note 32; *Morehouse* v. *Comstock*, 42 Wis. 626; 2 Rice on Ev. 1317, and defendant can recoup damages for breach of the implied warranty. *Ottawa Bottling &amp; Flint Glass Co.* v. *Gunther*, 31 Fed. Rep. 208; *Renard* v. *Peck*, 2 Hilt, 1375, cited in 2 Estees Pleading and Forms, 532. The words "pure Manilla" were not merely descriptive of the article sold to identify it, but were used for the purpose of describing its quality. *Hawkius* v. *Pemberton*, 51 N. Y. 206; *Osgood* v. *Lewis*, 18 Am. Dec. 317; 28 Am. and Eng. Enc. L. Subject "warranty."

*Curtiss Sweigle*, (*Morphy, Ewing, Gilbert &amp; Ewing*, of counsel,) for respondent.

Parole evidence is inadmissable to show a parol understanding, at the time a promissory note was executed, that if the maker should assign for the benefit of creditors that the payee should file his claim with the assignee and execute a release to the maker. *Harrison* v. *Morrison*, 39 Minn. 319. A contract in writing can be altered only by a contract in writing or by executed oral agreement. § 3593, Comp. Laws. The burden of proof is upon defendant to show to what extent the consideration failed. *Bisbee* v. *Toeinus*, 26 Minn. 165.

CORLISS, J. Defendant ordered of the plaintiff 7,000 pounds of pure Manilla twine. Plaintiff, acting on this order shipped to defendant a lot of twine, which the evidence tends to prove was not pure Manilla twine, but an inferior article, worth much less in the market. Defendant having been sued upon the notes given for the puachase price of this twine, he interposed as a counterclaim an alleged cause of action founded upon breach of warranty. On the trial the District Judge directed a verdict in favor of the plaintiff. Defendant appeals.

At the outset, we are required to determine whether, in fact, there was a warranty. It is true that the plaintiff did not, in terms, warrant that the twine sold by it to defendant was pure Manilla twine. Indeed, it made no representations whatever in written instrument, or by oral statement. But, when it accepted from defendant an order for pure Manilla twine, it, in contemplation of law, agreed to sell defendant an article answering to that description. That a sale of an article by a particular description constitutes a warranty that the article answers to that description, is well settled. Benj. Sales, pp. 619-622, and cases cited; *Brigg* v. *Hilton*, 99 N. Y. 517, 3 N. E. 51; *Dounce* v. *Dow*, 64 N. Y. 411; *Wolcott* v. *Mount*, 36 N. J. Law, 262; *Canning Co.* v. *Metzger*, 118 N. Y. 260, 23 N. E. 372; *White* v. *Miller*, 71 N. Y. 118; *Lewis* v. *Rountree*, 78 N. C. 323; *Hastings* v. *Lovering*, 2 Pick. 214; *Forcheimer* v. *Stewart*, 65 Iowa, 593, 22 N. W. 886; 28 Am. and Eng. Enc. Law, p. 776; *Gould* v. *Stein*, 149 Mass. 570, 22 N. E. 47; *Love* v. *Miller*, 104 N. C. 582, 10 S. E. 685; *Morse* v. *Moore*, (Me.) 22 Atl. 362. Said the court in *Gould* v. *Stein*: "The general rule is familiar and admitted, that a sale of goods by particular description imports a warranty that the goods are of that description."

We cannot say, under the facts of this case, that the defendant, as a matter of law, has waived his right to rely upon the warranty, The twine delivered was Manilla twine, but it was not pure Manilla. It is probable that a special examination of it before acceptance would have resulted in the discovery that it was not as warranted. But the case is not one of the failure of the vendor to deliver any article of the character of that ordered. It was not the purchase of twine, followed by the delivery of some other article. We hold that under the facts of this case the defendant cannot be deemed, as a matter of law, to have waived his right to rely upon the warranty. It is impossible to lay down a rule on this subject which can be readily applied to the varied facts of different cases. Cases may arise where it is apparent that the purchaser could not have relied on the warranty when he accepted

the goods, or that he has waived his right to insist upon such warranty. But we think it would be an extremely unjust rule to interpret as an implied waiver the conduct of the purchaser in receiving the goods which do not exactly correspond to the warranty, merely because he might, by examination, have discovered the defect. It often happens that the purchaser is so situated that it is necessary for him to accept the article in its defective condition. It would indeed be singular that one who had placed him in this position should be allowed to escape liability on his contract of warranty. In many cases the inference of a purpose to rely upon the warranty is stronger than the inference of a purpose to pay the price of a good article for a defective one. In the case at bar the jury would have been justified in finding that defendant could not, without particular examination, have discovered that the twine was not pure Manilla. In favor of one who has warranted an article, the purchaser does not owe the duty of careful inspection. He may rely on the warranty. There is much confusion in the authorities. This is the consequence of too much refinement in reasoning, and the making of many nice distinctions. The law on this subject should be adjusted to the needs of the business world, and be made as simple as possible. Without attempting to anticipate the exceptions to the general rule which in the future it may be found necessary to establish, we believe it to be in the interests of justice, and to fairly express the sense of business men upon the subject, that whatever form a warranty assumes, if there is in fact a warranty, the mere acceptance of the property will not, as a matter of law, bar a recovery for breach of the warranty, although an inspection of the property would have led to a discovery of the breach. Nor will actual knowledge of the defective condition of the thing delivered necessarily preclude a reliance upon the warranty. All the facts are to be laid before the jury, to the end that they may determine whether the purchaser relied on the warranty, and whether he has waived his right to take advantage of its breach. *Gould* v. *Stein*, 149 Mass.

570, 22 N. E. 47; *English* v. *Commission Co.*, 48 Fed. 196; *Lewis* v. *Rountree*, 78 N. C. 323; *Best* v. *Flint*, 58 Vt. 543, 5 Atl. 192; *Polhemus* v. *Heiman*, 45 Cal. 573; *Coal Co.* v. *Bradley*, (Wash.) 27 Pac. 454; *Hege* v. *Newsom*, 96 Ind. 431; *English* v. *Commission Co.*, 6 C. C. A. 416, 57 Fed. 451; 2 Benj. Sales (6th Am. Ed.) p. 856, note 29; *Daylor* v. *Hooglund*, 39 Ohio St. 671; *Holloway* v. *Jacoby*, 120 Pa. St. 583, 15 Atl. 487; *Parks* v. *Tool Co.*, 54 N. Y. 586; *Zabriskie* v. *Railroad Co.*, 131 N. Y. 72, 29 N. E. 1006; *Morse* v. *Moore*, (Me.) 22 Atl. 362; *Canning Co.* v. *Metzger*, 118 N. Y. 260, 23 N. E. 374. In *Morse* v. *Moore*, (Me.) 22 Atl. 362,—the best considered case to be found on the point in the books,—the court say: "The fact of acceptance, however, as a matter of evidence, may have great weight on the question of satisfactory or sufficient performance. In the first place, it raises considerable presumption that the article delivered actually corresponded with the agreement. In the next place, it is some evidence of a waiver of any defect of quality, even if the article did not so correspond,— evidence of more or less force, according to the circumstances of the case. If the goods be accepted without objection at the time, or within a reasonable time afterwards, the evidence of waiver, unless explained, might be considered conclusive. But if, on the other hand, objection is made at the time, and the vendor notified of the defect, and the defects are material, the inference of waiver would be altogether repelled. But acceptance accompanied by silence is not necessarily a waiver. The law permits explanation, and seeks to know the circumstances which induced acceptance. It might be that the buyer was not competent to act upon his own judgment, or had no opportunity to do so, or declined to do so as a matter of expediency; placing his dependence mainly, as he has a right to do, upon the warranty of the seller. Upon this question the facts are generally for the jury, under the direction of the court." In *English* v. *Commission Co.*, 6 C. C. A. 416, 57 Fed. 451, the court say, at page 456, 57 Fed., page 416, 6 C. C. A.: "There has been some controversy in the courts as to the right of the purchaser to accept the goods and rely upon the

warranty; some of the authorities holding that where the sale is executory, and the goods, upon arrival at the place of delivery, are found, upon examination, to be unsound, the purchaser must immediately return them to the vendor, or give him notice to take them back, and thereby rescind the contract, or he will be presumed to have acquiesced in the quality of the goods. But the great weight of authority, as well as reason, is now, we think, well settled, that, in cases of this kind and character, if the goods upon arrival at the place of delivery are found to be unmerchantable, in whole or in part, the vendee has the option either to reject them, or receive them and rely upon the warranty; and if there has been no waiver of the right, he may bring an action against the vendor to recover the damages for a breach of the warranty, or set up a counterclaim for such damages in an action brought by the vendor for the purchase price of the goods." There is norhing in the decisions of this court conflicting with our views in this case.

It is claimed by plaintiff and defendant, by renewing the notes given by him for the purchase price of the twine, waived his right to recoup damages for breach of the warranty. But it is evident that, if a cause of action once existed in his favor for damages, the mere giving of renewal notes would not, of itself, extinguish that cause of action. Even payment of the purchase price would not have that effect. *Gilmore* v. *Williams*, (Mass.) 38 N. E. 976. The circumstance that a purchaser had given his note, or had paid for the property, with full knowledge of the facts, would generally be persuasive—and might, unexplained, be conclusive—evidence that there was in fact no breach of warranty, or possibly that the purchaser had waived his right. We do not, however, wish to be undestood as holding that a mere waiver by implication, without consideration, would necessarily operate to defeat the claim for damages. But the purchaser might negative the presumption of waiver, if such an act could create such a presumption, by showing that, as a matter of fact, he distinctly asserted his right to rely upon his claim for damages. In the

case at bar it appears that the new notes were given at the solicitation of the plaintiff's agent, and on his promise that defendant should be allowed his damages. We do not say that a cause of action can be predicated on this arrangement. Serious questions of the extent of the agent's authority, and of the contradiction of a written contract by parol evidence, would have to be met, before we could decide the case on that theory. But the evidence was certainly competent to explain the circumstances surrounding the giving of the new notes, to the end that defendant might rebut any possible inference from that fact unfavorable to his claim for damages. The trial court should have submitted the quesion of breach of warranty to the jury, with proper instructions. For the error of the court in refusing to do so, and in directing a verdict for plaintiff, the judgment is reversed, and a new trial is ordered. All concur.