## H. B. SENN v. THOMAS STEFFAN.

### (164 N. W. 102.)

**Court — instructions.**

1. Instructions of the court examined, and *held* to present no prejudicial error.

**Questions of fact — disputed — findings of jury thereon — conclusive — competent evidence to support.**

2. Where disputed questions of fact are submitted to the jury, the findings of the jury thereon are conclusive if there is sufficient competent testimony to support such findings.

Opinion filed July 19, 1917.

Appeal from the judgment of the District Court of Pierce County.

*Harold B. Nelson,* for appellant.

*Campbell & Jongewaard,* for respondent.

Affirmed.

GRACE, J.   This action was for the recovery by the plaintiff against the defendant for alleged attorney's fees and costs in certain foreclosure proceedings concerning the foreclosure of two certain mortgages, and for other professional services.   The complaint alleges a cause of action as to attorney's fees on *quantum meruit,* and the bill of particulars which was furnished to the defendant also sets forth certain items of costs, expenses, and taxes paid by the plaintiff for the defendant.

The defendant in his answer alleges a specific agreement as to the amount of attorney's fees in the sum of $150, and concedes that some of the costs and expenses were incurred and that certain taxes were paid.   There being a square conflict in the pleadings of the parties as to the amount of attorney's fees, and as to whether there was any contract concerning the same, the question was submitted by the court to the jury, and all the disputed questions of fact, including those relating to costs, expenses, taxes, etc., were also properly submitted to the jury as questions of fact, upon which the jury found a verdict.   It also appears that the plaintiff had come into the possession of $396.99, being the amount received in the year 1912 for Steffan's share of crop for the year 1912 from certain land, which amount the defendant pleaded as a counterclaim against any demand that plaintiff might have.   This amount the plaintiff retained, and, in addition to this, the jury awarded him an additional amount of $21.17.

The court, before submitting the case to the jury, gave a careful and lucid written charge of the law.   It explained and analyzed quite carefully the issues of the case so that the jury might understand the claims of the plaintiff and the defendant respectively.   All the facts were submitted to the jury, with full instructions as to the law.   We have examined the instructions given by the court, and all the assignments of error based upon such instructions, and also the refusal of the court to give the instruction requested by the plaintiff, and find the court made no error in any of its instructions given, or in the refusal to give the requested instruction.   All the issues of the case were fairly tried and submitted to the jury under proper instructions from the court.   The jury determined the main question in the case: Did or

did not the plaintiff enter into a contract with the defendant for the rendering and performance of professional and legal services concerning the transactions involved, and which are set out in the pleadings? The jury answered this question affirmatively. It being a disputed question of fact upon which there was conflicting testimony, their decision is conclusive. We think, on the whole, the case was fairly and impartially tried, and the verdict is sustained by the evidence. The burden of proof was upon the plaintiff to sustain the allegations of his complaint and the cause of action by a fair preponderance of evidence. The plaintiff claimed there was no contract, and sought to recover for the reasonable value of his services. The defendant alleged there was a contract, and named a specific amount as a consideration for such contract and services. The jury believed the testimony of the defendant and found a verdict accordingly, and this is conclusive.

The judgment of the lower court is affirmed, with costs.