HENRY TUVESON, Appellant, v. OLE C. OLSON, Karel Olson and Scandinavian American State Bank, a Corporation, Respondents.

(178 N. W. 281.)

**Sales — evidence held not to establish buyer's alleged rescission of sale.**
Plaintiff seeks to cancel a note and mortgage given for a threshing outfit. He claims that he rescinded the sale on the ground of a breach of warranty by the seller. For reasons stated in the opinion, it is held that the plaintiff has failed to establish a rescission of the sale.

Opinion filed May 20, 1920.

From a judgment of the District Court of Mountrail County, *Leighton*, J., plaintiff appeals.

Modified and affirmed.

*F. F. Wykoff,* for appellant.

The right to rescind a contract for breach of warranty is a question upon which the courts are not entirely in harmony, but in this state the rule is well established that such rescission may be made. 24 R. C. L. 287 and cases cited; Minn. Thresh. Mfg. Co. v. Hanson, 3 N. D. 81; Canham v. Plano Mfg. Co. 3 N. D. 229; Emerson-Brantingham Improv. Co. v. Busch (N. D.) 175 N. W. 201; Comp. Laws 1913, § 5934.

Where a bank discounts paper for a depositor and gives him credit upon its books for the proceeds of the paper, it is not a bona fide holder

for value, so as to be protected against infirmities in the paper, unless, in addition to the mere fact of crediting the depositor with the proceeds of the paper, some other valuable consideration passes. 3 R. C. L. 1055; McNight v. Parsons, 136 Iowa, 390, 22 L.R.A.(N.S.) 718, 15 Ann. Cas. 665; Manufacturers Nat. Bank v. Newell (Wis.) 37 N. W. 420; Bank v. Huver, 114 Pa. 216; Daugherty v. Bank, 93 Pa. 227; Dresser v. Railroad Co. 93 U. S. 92; Scott v. Bank, 23 N. Y. 289; Bank v. Valentine, 18 Hun, 417; Mann v. Bank, 30 Kan. 412, and many other authorities.

*Clinton Cottingham* (*F. J. Funke,* of counsel), for respondents.

Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of his election to rescind. Sess. Laws 1917, chap. 202, § 12.

CHRISTIANSON, Ch. J. On the 11th day of May, 1918, the defendants Ole C. Olson and Karel Olson, sold and delivered to the plaintiff a certain threshing outfit consisting of an engine, separator, and cook car. For this, plaintiff gave his promissory note for $1,400, dated on that day, payable August 1, 1918. To secure said note the plaintiff executed and delivered a certain so-called "preliminary" real estate mortgage upon a quarter section of land in Mountrail county, which the plaintiff had entered, and was then occupying, under the homestead laws of the United States of America; but upon which final proof had not been made. On February 28, 1919, the plaintiff instituted this action to quiet title. In his complaint he averred that he had an interest in said premises "by virtue of a homestead entry under the laws of the United States." The defendants in their answer set up the facts relating to the execution and delivery of said promissory note and mortgage, and averred such mortgage to be a lien on the premises. The plaintiff in his reply averred that the note and mortgage had been given in payment of a threshing machine outfit which the plaintiff had purchased from defendants; that said defendants had warranted the outfit to be first class machinery, in good order, which would do good threshing; that it was free from all liens and mortgages; that in truth and fact neither the engine nor the separator were first class machinery or in good order; that the engine was worn out, the boiler leaking, and

bolts therein loose, and that it was unfit for use, and in such condition that it could not be repaired; that the separator was worn and the wheels and pulleys thereon loose; that both the engine and separator were worn out, and could not be put in good working condition; also, that there were chattel mortgages against said outfit. The case was tried upon the issues thus framed, and resulted in findings and judgment in favor of the defendants that the mortgage was a valid lien upon the premises. The plaintiff has appealed and demanded a trial anew in this court.

We have the gravest doubts as to whether an action to determine adverse claims is maintainable by the plaintiff in this case. This is not an action to enforce the possessory rights of a homestead entryman, but an action to remove the lien of a certain mortgage upon premises, the title to which is in the United States government, and which may never become vested in the plaintiff at all. See Jackson v. La Moure County, 1 N. D. 238, 241, 46 N. W. 449. The question as to the right to maintain such action was not raised, however, either in the court below or in this court; but the parties tried the case on the theory that the only question was whether the plaintiff was entitled to judgment canceling the note and mortgage. At all events plaintiff's cause of action is bottomed upon the contention that he rescinded the contract of purchase on the ground of breach of warranty. He concedes that he can in no event prevail in this case unless he has shown that he rescinded the contract of purchase.

Our statute provides:

"(1) Where there is a breach of warranty by the seller; the buyer may, at his election—. . .

"(2) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

. . . . . . . . . . . .

"(3) Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer. But if deteri-

45 N. D.—27.

oration or injury of the goods is due to the breach of warranty, such deterioration or injury shall not prevent the buyer from returning or offering to return the goods to the seller and rescinding the sale." (Laws 1917, chap. 202; § 69.)

As stated, the deal between plaintiff and defendants was made May 11, 1918. At that time the threshing outfit was on the premises of the defendants Olson. The plaintiff did not take or receive it into his possession at the time the deal was made but left it where it then was. On June 19, 1918, he wrote the defendant Scandinavian-American Bank as follows: "I will now write you in regard to one note for $1,400 and mortgage given by me in favor of Carl Olson and O. C. Olson. If you have not had any transaction with this party already, I will advise you not to have anything to do with them. I claim a defense on this note for fraud and misrepresentation, and if you have had any dealings with them in regard to this note before you get this letter kindly let me know the condition of the same that you had with them. They have tried already to loan money on this note and they may try to sell it, so you will know about it in case you see them." The threshing outfit was not moved over to plaintiff's place or actually delivered into his possession until sometime after July 5, 1918. He not only received it, but retained it and did some threshing with it that fall, and has never returned it to the defendants. The only testimony on the part of the plaintiff relating to any offer to return the outfit was that in the fall, during the threshing season, he told them "the thing wasn't the way they sold it" to him, and "asked if they would take it back." And they said "a sale was a sale and they didn't want to take it back."

We are of the opinion that the plaintiff has failed to establish a rescission under the above quoted statutory provisions. Hence it follows that the action must, in any event, be dismissed. We express no opinion as to whether the evidence establishes any warranty.

The trial court is directed to enter judgment dismissing the action, without prejudice to any rights the plaintiff may have to recover damages for breach of warranty.

ROBINSON and BIRDZELL, JJ., concur.

BRONSON, J. I concur in the dismissal.

GRACE, J. I dissent from the result arrived at by the majority opinion.