MATHIAS GREWER, Respondent, v. KASPER SCHAFER, Appellant.

(190 N. W. 176.)

**New trial — granting new trial where verdict contrary to evidence held not abuse of discretion.**

In an action upon a note for a portion of the purchase price of a tractor the defendant answered alleging that rescission had taken place for breach of warranty and claimed damages. Verdict for the defendant awarding damages and a new trial granted.

*Held*, the record shows that the trial court did not abuse its discretion in granting a new trial.

Opinion filed October 10, 1922.

Appeal and Error, 4 C. J. § 2813 p. 830 n. 45.

Appeal from District Court, Morton County, *Pugh*, J.

Affirmed.

*Halpern & Rigler*, for appellant.

The question whether the offer to return the tractor was made within a reasonable time is one for the jury, and by its verdict the jury found that the offer was made within a reasonable time. Avery Co. v. Peterson (S. D.) 171 N. W. 204; B. F. Sturtevant Co. v. Le Mars Gas Co. (Ia.) 175 N. W. 338; Fox v. Boldt (Wis.) 176 N. W. 467; International Harvester Co. of America v. Thomas et al. (N. Dak.) 176 N. W. 523.

*Norton & Kelsch*, for respondent.

Where the appellant appeals from an order of the district court granting a new trial, the sole and only issue presented to the supreme court is whether or not the district court manifestly abused its judicial discretion in granting a new trial. 6 N. D. 276; Pengilly v. Case Machine Co. 11 N. D. 255; Aylmer v. Adams, 30 N. D. 514; 35 N. D. 125; Wagoner v. Bodal, 37 N. D. 794.

BIRDZELL, Ch. J. This is an appeal from an order of the district court of Morton county granting a new trial. The action was brought

Note.—On granting new trial where verdict contrary to evidence, see 20 R. C. L. 275; 3 R. C. L. Supp. 453; 4 R. C. L. Supp. 1349; 5 R. C. L. Supp. 1094; 2 R. C. L. 217; 1 R. C. L. Supp. 453; 4 R. C. L. Supp. 94; 5 R. C. L. Supp. 93.

upon a note for $1,225 representing a portion of the purchase price of a tractor. The defendant answered claiming that he had rescinded the contract of sale for breach of warranty and also claiming damages for such alleged breach. The action was tried to the court and a jury, and a verdict returned finding for the defendant and awarding him $200 damages on the counterclaim. Thereafter the plaintiff moved for a new trial and the motion was granted.

In the spring of 1919 the defendant bought of the plaintiff one Happy Farmer Tractor for the agreed price of $1,425. Two hundred dollars was paid in cash and the defendant gave his note for the balance, due October 1st, 1919. Plaintiff, through his agent, gave a written warranty of the tractor to the effect that it would pull three stubble bottoms in old land and two breaker bottoms in prairie land, on kerosene fuel, and undertaking that in case it should fail to fulfil the warranty, the purchase price would be returned and the tractor taken back. The tractor plowed about 75 acres during the season of 1919 and various repairs were required. In the spring of 1920 the plaintiff overhauled the tractor, supplying considerable new materials, placing it in good working condition. That season the defendant plowed about 170 acres. On October 16th, 1920, the defendant wrote to the plaintiff as follows:

"I do not want any trouble and will settle for the engine, but I would like for you to be reasonable. The first year the engine was not in working condition and as you know you replaced the engine this spring and I am willing to pay interest from this spring until date of settlement. I can promise that I can pay the note in full as you know I have had considerable expense.

"I am just beginning to haul some wheat and as soon as I have some sold I will be in position to pay some on the note. Kindly let me know if this arrangement is satisfactory, and I think I am as reasonable with you as you were with me. I did not bring the engine when it did not work."

In a memorandum opinion the trial judge specifically calls attention to the fact that the tractor was never actually returned; that it was sold on approval and no time fixed for the return if not satisfactory; that the reasonable time within which a contract of this character must be rescinded by reurn of the property, or the prop-

erty returned under the option in the contract, is a question of fact for the determination of the jury; but that when the goods are returned or offered to the seller they must be in substantially as good condition as when taken, making reasonable allowance for trial; also that the evidence fails to show the condition of the tractor when it was offered to the plaintiff in the spring of 1921. The court further comments upon the fact that the defendant had expressed himself as satisfied with the tractor after it was overhauled in the spring of 1920 and that he had actually agreed to pay for it in full, as shown by the foregoing letter. He stated that there was some question as to whether the defendant understood what was in the letter, but that the facts and circumstances point strongly to the conclusion that he did know.

We are entirely satisfied from a perusal of the record that the deductions of the trial judge are well supported and that he did not err in exercising his discretion by the granting of a new trial. It is well established that an order granting a new trial will not be reversed except for a manifest abuse of discretion. See Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419; Skaar v. Eppeland, 35 N. D. 116, 159 N. W. 707; First International Bank v. Davidson, 36 N. D. 1, 161 N. W. 281; Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Wagoner v. Bodal, 37 N. D. 594, 164 N. W. 147. Order affirmed.

ROBINSON, GRACE, CHRISTIANSON and BRONSON, JJ., concur.