CHRIST P. WETZSTEIN, Respondent, v. MATHIAS BARTH, Appellant.

(190 N. W. 311.)

**New trial — denial for insufficiency of evidence not error, where two juries and one judge had concurred in verdict.**

This case presents a claim for services as a farm laborer. There have been two trials—twenty-four jurors and one judge have concurred in the same verdict of $300 and interest. The appeal is taken on the insufficiency of evidence. The specification is that the plaintiff failed to establish his case by a fair preponderance of competent evidence. *Held,* that the trial court did not err in denying a new trial.

Opinion filed October 23, 1922.

New Trial, 29 Cyc. p. 729 n. 82.

Appeal from the District Court of Morton County, *Pugh,* J. Judgment affirmed and case remanded.

*Norton & Kelsch,* for appellant.

There must be clear, positive and substantial evidence to support and sustain the verdict of the jury. Where the verdict is not supported by evidence of a clear, positive and substantial character, the verdict must be set aside as a matter of law. Nilson v. Horton, 19 N. D. 188, 189; Wagoner v. Bodal, 37 N. D. 597; Action v. Fargo Street R. Co. 20 N. D. 444; Evidence, 23 C. J. § 1756.

Evidence to refute or rebut payment by proof of checks received

---

Note.—On denial of motion for new trial for insufficiency of evidence, see 20 R. C. L. 277; 3 R. C. L. Supp. 1051; 5 R. C. L. Supp. 1095.

and cashed must be clear, positive, and convincing.   Payment, 30 Cyc. 1293; Russell v. Scofield, 113 N. W. 1094.

*L. H. Connolly,* for respondent.

The motion for judgment non obstante is addressed to the sound legal discretion of the court.   Kravanough v. Nestler, 177 N. W. 646.

Inasmuch as this is the second trial of the issues in this case the court ought to proceed with caution upon motion for judgment notwithstanding the verdict or for a new trial, although two or more verdicts are not necessarily conclusive.   Atwood Lumber Co. v. Watkins (Minn.) 103 N. W. 332; Gross Coal Co. v. Milwaukee (Wis.) 175 N. W. 793; Ladwig v. Supreme Assembly (Minn.) 145 N. W. 798.

ROBINSON, J.   In January, 1920, the plaintiff sued to recover for services as a farm laborer, $354.   There have been two trials—twenty-four jurors have given a verdict for $300 and interest.   In the memorandum opinion of four pages the verdict is well sustained by Judge Pugh.   Indeed the writer considers it one of the best opinions coming to this court.   The appeal is only because of the alleged insufficiency of evidence.   The specification is,—the plaintiff failed to establish his case by a preponderance of competent evidence, and the fair preponderance of evidence is against him.   The argument is to the same effect— it is, that plaintiff swore falsely and contrary to the testimony of three or four witnesses, but the facts are that twenty-four jurors heard the evidence, saw the witnesses, and gave the same identical verdict, i. e., $300 and interest, and the verdict has been confirmed by Judge Pugh. On such a record, were the court to set aside the judgment and grant a third trial, it would seem like a mockery of justice.   It were better for the plaintiff to forego his labor claim than to incur the expense of three trials.   In such a case a third trial should not be granted unless on a very clear showing that the verdict has no support.

Judgment affirmed and case remanded.

BIRDZELL, Ch.  J., and CHRISTIANSON, J., concur.

BRONSON, J. (specially concurring).   I concur in an affirmance. The complaint seeks to recover $294.29 for work performed in 1918 and 1919, $50 for flax as a part of the consideration for plaintiff's work,

and two minor items of $5.15, moneys advanced, and of $5 for a load of straw. The total demand was $354.44. In the first trial the jury on February, 1921, returned a verdict of $300 with interest. The judgment entered thereupon was vacated and a new trial awarded by the trial court. In the second trial, the jury, on November 29th, 1921, again awarded a verdict of $300 with interest. The defendant has appealed from the judgment entered thereupon and from an order denying judgment non obstante, or, in the alternative, for a new trial. Defendant specifies insufficiency of the evidence to warrant the verdict of the jury. Defendant contends that, as a matter of law, the evidence discloses that plaintiff only worked for defendant fifteen months and ten days, instead of eighteen months and nineteen days as claimed by plaintiff; that defendant became indebted to plaintiff only in the sum of $806, which amount, through settlement had with plaintiff, defendant paid.

Although the evidence concerning plaintiff's demand is neither clear nor convincing and is, in many respects, conflicting, nevertheless, upon a review of the record, I am of the opinion that sufficient evidence was presented to warrant the submission of plaintiff's demands to the jury. Plaintiff testified that, in the fall of 1919 after his employment ceased, the defendant admitted that he owed plaintiff the sum of $300. Defendant's testimony is to the effect that plaintiff worked only fifteen months and ten days; that he owed plaintiff therefor $806; that he paid plaintiff $809.65; that he had settlement with plaintiff and plaintiff repaid and refunded to him this amount of $3.65. Plaintiff's testimony is to the effect that he worked for defendant eighteen months and nineteen days; that he had due him for part of his work 12½ bushels of flax; that he advanced some moneys to plaintiff and furnished straw for which defendant had not compensated him; that defendant had included in the payment, which defendant claimed to have made for his services, $150 which was otherwise due plaintiff for work in 1917. The difference between the period of plaintiff's services in 1918 and 1919 and the amount paid thereon, as claimed by defendant, and the time and amount as claimed by plaintiff, approximates the sum of $300 which plaintiff testifies that defendant admitted to be owing in the fall of 1919. Apparently, the jury, in both cases, gave credence to plaintiff's story and awarded, in each verdict, the exact sum of $300. The

rule is applicable that this court will not disturb the verdict, through the weighing of conflicting testimony, if there be substantial evidence in its support.    Montana Eastern R. Co. v. Lebeck, 32 N. D. 162, 155 N. W. 648; Rickel v. Sherman, 34 N. D. 298, 158 N. W. 266; Senn v. Steffan, 37 N. D. 491, 164 N. W. 102.

GRACE, J., concurs.