## MATHIAS GREWER, Respondent, v. KASPER SCHAFER, Appellant.

### (197 N. W. 596.)

**Pleading — pleading several defenses, if separately stated, held permissible.**

1. In an action upon a promissory note given for the purchase price of a tractor where the defendant, through a single defense set up as a defense and a counterclaim, sought to establish through proof, a breach of warranty, a rescission of the contract of sale, and damages for the breach of such warranty, it is *held:*—That the statute, § 7449, Comp. Laws 1913, permits the pleading of inconsistent defenses, if separately stated.

**Pleading — defense to, not held single defense on theory of rescission.**

2. That the defense of defendant as pleaded was a single defense upon the theory of rescission of the contract.

**Sales — evidence of rescission and breach of warranty held sufficient to sustain judgment for plaintiff.**

3. That upon the evidence and pursuant to § 69, chap. 202, Laws 1917 (§ 69, Uniform Sales Act), evidence was presented upon breach of a warranty and rescission of the contract of sale by reason thereof sufficient to support the verdict of the jury.

Opinion filed January 31, 1924. Rehearing denied February 28, 1924.

Appeal and Error, 4 C. J. § 3264 p. 1213 n. 76 New. Judgments, 33 C. J. § 114 p. 1183 n. 48. Pleading, 31 Cyc. pp. 84 n. 29; 143 n. 73; 144 n. 74, 83. Sales, 35 Cyc. pp. 573 n. 75; 574 n. 84.

In District Court, Morton County, *Berry, J.*

Action upon a promissory note.

Defendant has appealed from a judgment entered pursuant to a motion for judgment notwithstanding the verdict.

Judgment reversed and judgment upon the verdict ordered reinstated.

*Jacobsen & Murray* and *Sam Rigler,* for appellant.

All. reasonable intendments should be indulged in for the benefit of

Note.—(1) Right to plead inconsistent defenses, see note 48 L.R.A. 185; 21 R. C. L. 473; 3 R. C. L. Supp. 1159.

the defendant. The defendant should be given the benefit of the construction of the testimony. See First State Bank v. Kelley, 30 N. D. 84.

"The return of the goods for breach of warranty, will be regarded as waived where the failure to return or the delay is caused by conduct of the seller in requesting the buyer to retain the goods for further trial or by a promise by the seller to remedy the defects." 35 Cyc. 440, ¶ F.

"When the seller of threshing machinery, under a contract, providing that failure to pay the notes given therefor when due or keeping the machinery a certain time should constitute a full release and waiver of the warranty, has been notified of defects and has promised and repeatedly attempted to remedy them, the purchaser may retain and try the machinery a reasonable time without waiving the warranty and ordinarily the reasonableness of such time is for the jury." Hull v. Prairie Queen Mfg. Co. (Kan.) 141 Pac. 592.

"Buyer of gasolene engine for irrigation pump was justified in continuing his efforts to use engine over a very considerable period of experimenting with it under representations from sellers that they would remedy its defects and while all parties were working in good faith to accomplish that end." Cohn v. Bessemer Gas Engine Co. (Cal.) 186 Pac. 200.

"Where plaintiff sold a heating plant to defendant under warranty and the plant was defective, and proved defective for three subsequent years, during which defendant complained, and plaintiff attempted to remedy the defect without success, whereupon defendant served notice of rescission, and plaintiff made a further effort to remedy the defect, defendant, by use of the plaintiff, thereafter, was not estopped to set up his rescission." Roper v. Wells (Iowa) 165 N. W. 385.

"A seller of goods by repeated and persistent requests that buyers make further trials of goods, which they had stated did not conform to warranty as being unsuitable for their business, waived contract requirements that any objection of merchandise be made within ten days from receipt." San Francisco Casing Co. v. Mueller (Cal.) 179 Pac. 211.

"What constitutes a reasonable time in which to rescind a contract of sale under Uniform Sales Act, is a question of fact for the court." Fitterman v. Johnson & Co. (Minn.) 194 N. W. 399.

A litigant has the right to stand on as many battle grounds as he has, and if he proves a defense on any battle ground he is entitled to win. Ede v. Ward, 32 S. D. 351, 143 N. W. 269.

*Norton & Kelsch,* for respondent.

That the buyer must exercise his option or right to return the goods within a reasonable time and must act in good faith. Garland v. Keller, 15 N. D. 548.

Where a party litigant has one or more remedies which are inconsistent and exclusive they are not available in the same action and when a party has elected one of two remedies his right of election is exhausted and he must prove that he rescinded promptly upon the discovery of the facts. Sonnesyn v. Akin & Babcock, 14 N. D. 248; Roney v. Halvorsen, 29 N. D. 20.

This court has repeatedly held that the defenses of breach of warranty of rescission are inconsistent and exclusive and that an election of one works a repudiation of the other. Roney v. H. S. Halvorson Co. 29 N. D. 13, 149 N. W. 688; Mercer County State Bank v. Hayes, 34 N. D. 601; Tuveson v. Olson, 45 N. D. 415.

## Statement.

BRONSON, Ch. J. This is an action to recover upon a promissory note given for the purchase price of a tractor. Defendant has appealed from a judgment entered upon a motion for judgment non obstante. This is the second time this case has been before this court and the second time that the cause has been tried to a jury. In the first trial a verdict for $200 was returned in defendant's favor. Thereafter the trial court granted a motion for a new trial. Upon appeal to this court the order of the trial court was affirmed. Grewer v. Schafer, 49 N. D. 115, 190 N. W. 176. Upon the second trial the jury returned a verdict in defendant's favor for $335. Thereafter the trial court, upon motion, made an order for judgment notwithstanding the verdict.

The facts are: Defendant was a farmer living in the vicinity of Glen Ullin where plaintiff was engaged in the farm implement business. In March 1919, pursuant to negotiations had for the purchase of a tractor, defendant bought a so-termed Happy Farmer Tractor for a consideration of $1,425. To plaintiff he paid $200 and gave his note for $1,225,

now the subject of this action. The tractor was sold to defendant by one Anderst, the agent of plaintiff, and the brother-in-law of defendant. The note was dated March 7th, 1919. The tractor was taken by defendant to his farm. On April 7th, 1919, plaintiff's agent gave to defendant the following writing:

"I hereby agree and warrant that the Happy Farmer Tractor will pull three stubble bottoms in old land and two breaker bottoms in prairie land, on kerosene, and if it does not I agree to refund to said Kasper Schafer the purchase price for said tractor and take the same back."

This was signed by Anderst, as agent for the plaintiff. Defendant testified that he had this writing before he made his payment on the purchase price. In the spring, as soon as the weather permitted, defendant attempted to operate this tractor on his farm; but it would not work nor pull three plows. Defendant determined to try it out. Plaintiff's agent came out and made adjustments and tried the tractor. Still, pursuant to defendant's evidence the tractor would not work and pull plows in accordance with the writing. Defendant's boys tried to operate the tractor. It did not have the power and would heat easily so that they had to stop until it cooled off. Four or five times plaintiff's agents came out to make adjustments on this tractor. Defendant wanted to return the tractor but the agent reassured defendant that he would make it work and next spring would put in a new engine. In 1919 they plowed some 65 or 70 acres with this tractor. In the spring of 1920 new parts of the motor came and they received them. Again the tractor would not work so as to pull plows in accordance with the writing. Defendant complained to the agent but the agent assured him that they would fix the engine. In 1920 they plowed about 130 acres with this tractor. Defendant paid for the repairs that were procured for the tractor. He did not return the tractor to plaintiff although he continuously offered to return it and, pursuant to his testimony, plaintiff's agent told him it was not necessary to do it; that the tractor would work and plaintiff would make it work. Testimony was otherwise adduced to the effect that defendant stated that this tractor would do the work with two plows but never with three plows; that also in the spring of 1920 he stated that he was satisfied with this tractor. In October, 1920, defendant wrote the sales company at Mandan, who

represented plaintiff in the collection of the note, to the effect that defendant did not want any trouble and would settle for the engine; that the first year the engine was not in working condition and that the engine was replaced in the spring of 1920; that plaintiff was willing to pay interest from the spring of 1920 until date of settlement; that he could promise to pay the note in full; that he did not bring (back) the engine when it would not work. But defendant testified that, being unable to read and write, he had another party write this letter and that it was not written as he instructed. Otherwise testimony was adduced on the part of the defense through those who had operated the tractor and an expert that the tractor was so built and constructed that it could not fulfil the agreement and warranty contained in the writing; that it did not do so and never had the inherent power so to do. On the part of the plaintiff testimony was adduced to the effect that this tractor was capable of fulfilling the agreement and warranty; that plaintiff did, from time to time, adjust this tractor for defendant so as to enable defendant to get satisfaction in the operation thereof: That the troubles experienced by defendant were through the faulty operation of the tractor both concerning the land, some of which was stony and concerning the adjustments made on the tractor itself and the plows used in connection therewith. In May, 1921, defendant's attorneys wrote to plaintiff a letter wherein a demand was made that plaintiff take possession of the tractor and wherein defendant tendered the same to plaintiff and offered to deliver it at any place in Glen Ullin that plaintiff might name. The trial court rejected this letter. As a defense to plaintiff's complaint upon the note, defendant's answer set up a defense and counterclaim which generally alleged: the purchase of the tractor; the execution of the note; the making of the warranty; the reliance of defendant thereupon; the delivery of the tractor; the trial thereof by defendant, and the failure of the tractor, when properly operated, to fulfil the agreement and warranty; the notification of plaintiff thereof; and exercise of defendant's right upon the warranty and agreement to rescind the agreement of purchase. Further, it alleged that defendant spent time and money in an honest endeavor to operate the tractor; that defendant elected to rescind and did rescind the purchase and offered to return the tractor to plaintiff. As a prayer

defendant requested dismissal of plaintiff's cause and judgment in his favor for $470.

The trial court, in granting judgment non obstante, stated in a memorandum decision that defendant had elected to stand upon the ground of rescission and was bound by his election; that the evidence did not support defendant's contention that he had rescinded; that he had kept the machine and used it for two years and that to permit such conduct to be consistent with the theory of rescission would be to permit one to commit a fraud; that there was no evidence in the record except defendant's mere statement that the tractor was in as good condition when it was offered to be returned as when it was received and that the physical facts demonstrated to the contrary; that since there appeared no reasonable probability that the defects and objections in the necessary proof to support the verdict could be remedied by another trial, the trial court, accordingly, was compelled to grant the motion for judgment non obstante.

It is the contention of the defendant on this appeal that upon the pleadings and the record the trial court erroneously compelled defendant to elect upon the theory of rescission or damages for breach of warranty; that the pleadings presented on the part of the defendant two defenses, namely, rescission and, if rescission under the proof was not sufficiently established, damages for breach of the warranty; that the trial court erroneously excluded proof of breach of the warranty; that the evidence is sufficient to support the verdict upon either theory and particularly upon the theory of rescission since, under the facts, defendant did offer to return the tractor and it was not necessary for him to offer to return or to return the tractor sooner by reason of the inducements and promises made by plaintiff; that furthermore the evidence discloses a conditional delivery of the note and failure of consideration, from which, pursuant to the finding of the jury, all reasonable inferences must be considered in favor of defendant.

## Decision.

In our opinion it is unnecessary to determine the question whether the inconsistent defenses of rescission, and of affirmance of a contract with damages for breach of warranty, can be presented in the same

defense without the necessity of an election.    See Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026; Mercer County State Bank v. Hayes, 34 N. D. 601, 159 N. W. 74; Northwestern Cordage Co. v. Rice, 5 N. D. 432, 57 Am. St. Rep. 563, 67 N. W. 298; Brown v. Ball, 43 N. D. 314, 174 N. W. 629.

Under the statute, § 7449, Comp. Laws 1913 inconsistent defenses may be pleaded.    This court has specifically so held.    J. R. Watkins Medical Co. v. Payne, 47 N. D. 100, 180 N. W. 968.    The statute, however, in any event requires that inconsistent defenses must be separately stated.    In the case at bar only one defense has been pleaded by way of defense and as a counterclaim.    When defendant seeks to maintain that, under the pleadings, he could prove rescission, and, if he failed in that, could prove affirmance of the contract and breach of a warranty thereunder, the two defenses, inconsistent as they are, must be spelled out of his defense, set up as an entity.    We are clearly of the opinion that this defense, considered as a whole, proceeded upon the theory of rescission and that the trial court did not err in considering that defendant's defense was upon the theory of rescission.    Accordingly, the issues presented, upon the pleadings in this cause, questions concerning a breach of warranty by the seller and the rescission of the contract of sale by reason thereof.

Sec. 69, chap. 202, Laws 1917 (§ 69 Uniform Sales Act) provides in part, viz:—

"Section 69.—(Remedies for Breach of Warranty.)—(1) Where there is a breach of warranty by the seller, the buyer may, at his election:

"(d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

"(3) Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, or if he fails to return or to offer to return the goods to the seller in substantially as good condition as they were in at the time the property was transferred to the buyer.    But if deterioration or injury of the goods is due to the breach of warranty,

such deterioration or injury shall not prevent the buyer from returning or offering to return the goods to the seller and rescinding the sale.

"(5) Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by § 53."

The trial court submitted to the jury the questions whether there had been a breach of warranty by the plaintiff, as seller, and whether there had been a rescission of the contract of sale by the defendant, the buyer. The jury, by the verdict, answered these questions in defendant's favor. Upon the law and the issues, if there is any evidence in the record sufficient to support the verdict of the jury in this regard, the order of the trial court can not be sustained. Upon a review of this evidence it may be said that in many respects the evidence is in an unsatisfactory state to clearly show a breach of the warranty or a rescission of the contract of sale. As triers of fact this court might not be convinced by the preponderance of the evidence that there was a breach of warranty with reference to the tractor; or, that the buyer, namely, the defendant, did not accept this tractor, after trial thereof and reassurances made by plaintiff; or did not become satisfied that the tractor fulfilled the warranty made; or, that the defendant did not rescind the contract of sale by returning, or offering to return, the tractor in substantially as good condition as when received. But these questions of fact were for the jury. There is evidence in the record, although not wholly satisfactory, to the effect that this tractor did not operate and pull plows as the agreement and warranty provided: further, that defendant, at various times, wanted to return this tractor and rescind the contract of sale but was excused from so doing by the plaintiff's acts in promising and reassuring defendant that the tractor would be put in good condition and would operate so as to fulfill the warranty; that by reason of these acts of the plaintiff the defendant retained the tractor and continued to try to operate the tractor relying on the warranty and plaintiff's reassurances and agreements made from time to time with relation thereto. We can not agree upon the evidence with the trial court that defendant did not offer to return the tractor

in substantially as good condition as when received. There is some evidence, though slight, that the tractor was offered to be returned in substantially as good condition as when received taking into consideration the efforts made by both parties to have it fulfill the warranty. There is no evidence sufficient for this court to hold, as a matter of law, that any independent use of this tractor by defendant, outside of the efforts of the parties to make it work in accordance with the warranty, affected or depreciated its substantial condition as when delivered. The evidence is in conflict concerning the breach of warranty and the facts of the rescission. Reasonable men might reasonably draw different conclusions therefrom. Hence, the verdict may not be disturbed. See Montana Eastern R. Co. v. Lebeck, 32 N. D. 162, 155 N. W. 648; Senn v. Steffan, 37 N. D. 491, 164 N. W. 102; International Harvester Co. v. Thomas, 43 N. D. 199, 176 N. W. 523; Tuveson v. Olson, 45 N. D. 415, 178 N. W. 281. The judgment accordingly is reversed and the trial court directed to enter judgment upon the verdict.

Johnson, Christianson, Nuessle, and Birdzell, JJ., concur.

On petition for rehearing.

Per Curiam. Upon petition for rehearing plaintiff asserts that, in any event, he is entitled to make a motion for a new trial in the district court. The former opinion does not deprive plaintiff of this right. Plaintiff made a motion in the alternative for judgment notwithstanding the verdict or for a new trial. The trial court ordered judgment notwithstanding the verdict. This, of course, leaves the motion for a new trial undetermined, and, under the rule announced by this court in Nelson v. Grondahl, 12 N. D. 130, 134, 96 N. W. 299, and 13 N. D. 363, 368, 100 N. W. 1093, plaintiff's right to move for a new trial still remains. Accordingly, leave is granted to the plaintiff to apply to the court below for a new trial within thirty days from the date of the filing of the remittitur, and if such motion is not made, judgment is directed to be entered in favor of defendant pursuant to the verdict.

Petition for rehearing denied.